**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tomas PEREZ and Raul Ramirez, Defendants–Appellants.**

Nos. 88–1099, 88–1254.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1988.

Decided Oct. 6, 1988.

Dennis A. Giovannini, Giovannini & Goldberg, Chicago, Ill., for defendants-appellants.

John McKenzie, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In this direct criminal appeal, the two defendants-appellants challenge the sentences imposed on them by the district court. Both defendants were charged, along with nineteen other defendants, in a twelve-count indictment for their involvement in an international drug trafficking operation. Pursuant to a plea agreement, which did not contain an agreed-upon sentence, both defendants pleaded guilty to certain counts in the indictment. Upon re-

view of the record, we affirm the sentences imposed by the district court.

## I.

Each of the defendants in this appeal was charged with three different counts from this twelve-count indictment. Defendant Tomas Perez pleaded guilty to Count I, conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1), and Count XII, distribution of marijuana in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, Count XI, which charged distribution of cocaine, was dismissed against Perez after sentencing.[1] Perez was sentenced to twenty-one years imprisonment on Count I and a consecutive five-year term on Count XII. In addition, he was sentenced to two years of supervised release and a special assessment of $100 as specified in 21 U.S.C. § 841(b).

Defendant Raul Ramirez pleaded guilty to Count I and to Count VII, possession of marijuana with intent to distribute in violation of 21 U.S.C. § 846. Count VI, which charged Ramirez with possession of marijuana with intent to distribute, was dismissed after sentencing in accordance with the plea agreement. Ramirez was sentenced to a ten-year term of imprisonment on Count I, to be followed by a consecutive five-year term on Count VII. He was also sentenced to a three-year term of supervised release and a $100 special assessment.

Perez raises two claims on appeal. First, he contends that his right to due process was violated because the district court allegedly relied on false information and speculation. Second, he claims that the district court abused its discretion by not considering the mitigating factors that Perez presented at his sentencing hearing.

Ramirez contests his sentence on three different grounds. He contends that the district court improperly relied on information contained in another defendant's presentence report. He also claims that FED.

R.CRIM.P. 32(c)(3)(D) was violated because the district court allegedly did not make a written determination in response to Ramirez's objections to the presentence report. Finally, Ramirez claims that the district court erroneously relied on his 1986 acquittal on drug charges when sentencing him.

## II.

### A.

Perez contends that the trial court relied on speculation and unsupported assumptions when sentencing him, in violation of his right to due process. In particular, he alleges that the trial court improperly considered six factors. First, Perez argues that the trial judge should not have speculated as to the impact of Perez's conduct on the Mexican officials that he bribed, or the people that he hired to transport the narcotics because these parties were willing, and probably experienced, participants. Second, the appellant objects to the trial judge's comments that money laundering may have been involved because no evidence was presented to substantiate such a claim. Third, Perez challenges the trial court's conclusion that he was not remorseful. Fourth, Perez contends that the trial judge inappropriately speculated as to what future crimes Perez might commit. Fifth, he claims that the trial court erred when it speculated that he was on his way to becoming a major cocaine dealer because the evidence only indicated Perez's involvement in one cocaine transaction. Finally, Perez claims that the trial judge held him liable for all of the pernicious effects that result from drug sales and usage.

Appellate review of sentences which are imposed by the trial court is limited. *See, e.g., United States v. Hedman,* 630 F.2d 1184, 1201 (7th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *United States v. Gonzales,* 765 F.2d 1393, 1396 (9th Cir.1985), *cert. denied,* 474 U.S. 1068, 106 S.Ct. 826, 88 L.Ed.2d 798

---

1. Perez was originally sentenced to two separate twenty-five year terms of incarceration on Counts I and XII, to run concurrently with each other, and five years of supervised release with a $100 special assessment. This sentence was subsequently amended.

(1986). If the sentences fall within the statutory limits, they can only be reversed for abuse of discretion. *See, e.g., United States v. Marshall*, 719 F.2d 887, 891 (7th Cir.1982).[2] When a sentence is challenged because it is allegedly based on materially erroneous information, the defendant must show that "the challenged information 'is (1) false or unreliable, and (2) demonstrably made the basis for the sentence.'" *Gonzales*, 765 F.2d at 1396 (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984)). *See also United States v. Brown*, 785 F.2d 587, 592 (7th Cir.1986); *United States v. Harris*, 558 F.2d 366, 375 (7th Cir.1977).

A review of the trial judge's comments at the sentencing hearing refutes the appellant's allegations. At the hearing, the trial judge stated:

> But the facts in this case, Mr. Perez's own actions—and *I'm not taking into consideration any actions of anyone else except Mr. Perez himself*—involved the corruption of many people, including those officials in Mexico that he obviously bribed. I think that it would be difficult to deny that fact from his own statements that appeared on the tapes.
>
> But in addition to that, Mr. Perez has corrupted many people who have been convicted in this court, people who would probably not even have been involved in a felony or even a serious crime if it had not been for Mr. Perez.... I specifically refer to those people that he called upon to assist him in bringing marijuana into this country ... perhaps—and I'm not sure that anyone was involved in this specific case—in laundering funds in this country.
>
> I would point out that Mr. Perez at the time of his arrest had cash in the amount of $160,000. He was no small operator. He admits to, I think, a million seven hundred and fifty thousand dollars.
>
> ....
>
> If he was not engaged in the distribution of cocaine—and I don't know that. I

only know of one incident, and *that's all I'm considering here.*

Tr. 2–49 (emphasis added).

    The trial judge's statements cannot be considered material misstatements. Perez was the head of an international drug-smuggling syndicate. He admitted that he attempted to smuggle between 8,000 to 9,000 pounds of marijuana between 1983 and 1987. Tr. at 34 (Nov. 25, 1987). Moreover, the Government submits that Perez stated, in a recorded telephone call, that he had been stopped at O'Hare Airport with approximately $116,000 in currency. This has not been disputed by the defendant, and is sufficient evidence to suggest that money laundering may have been involved. The trial court's assessments of the appellant's remorse, or lack thereof, and Perez's propensity to commit future crimes are all subjects that the trial court is best situated to consider as the factfinder. It is appropriate for the trial court to consider such factors as remorse, a lack thereof, and future potential danger to society.

The trial judge has great latitude in the information he uses to determine the sentence. 18 U.S.C. § 3577 states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This Court has permitted trial courts to even consider hearsay evidence, *see Marshall*, 719 F.2d at 891, pending charges, *see United States v. Haygood*, 502 F.2d 166, 169 (7th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812 (1975), and the potential deterrence of others, *see United States v. Hedman*, 630 F.2d at 1201. *See also United States v. Plisek*, 657 F.2d 920, 926 (7th Cir.1981). "[T]here can be no doubt that the sentencing judge may consider the serious nature of the offense, the potential for deterrence through punish-

---

**2.** While the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1976 (1987), and the Sentencing Act of 1987, Pub.L. No. 100–182, 101 Stat. 1266 (1987), went into effect after the crimes committed in the instant case, these acts leave the standard for appellate review of sentencing unchanged.

ment, and whether the defendant is contrite." *United States v. Sato*, 814 F.2d 449, 452 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987).

■ "Sentences are intended to be tailored to the individual," *Marshall*, 719 F.2d at 891 (citing *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949)). The trial judge acted well within his discretion when he considered all of the factors and characteristics of Perez in determining his sentence. On the record in this case we cannot conclude that his sentence was based on materially erroneous information.

### B.

■ Perez contends that the trial court failed to consider mitigating factors when sentencing him. He claims that his lack of any prior criminal record, his "reasonably good" work record, and the lack of violent conduct on his part during the offense should have resulted in a more lenient sentence.

It is clear from the transcript of the sentencing hearing that the trial judge considered all of the information before him, including Perez's humble immigrant origins. 2 Tr. 49. "As long as it appears that the sentencing judge is aware of the mitigating factors, and that he has considered them in good faith, the degree of weight put on those factors will seldom be questioned." *United States v. Neyens*, 831 F.2d 156, 160 (7th Cir.1987). As we stated in *United States v. Rife*, 835 F.2d 154, 156 (7th Cir.1987): "This court will not question the relative importance placed on one factor over another." *See also Sato*, 814 F.2d at 452.

Because we conclude that the trial judge did indeed consider all of the mitigating factors before him, we find no merit in Perez's contention in that regard.

### III.

### A.

Ramirez first contends that the trial court's judgment should be remanded for resentencing because the trial court allegedly violated FED.R.CRIM.P. 32(c)(3)(D).[3] Ramirez claims that the trial court failed to make written findings regarding disputed matters contained in the Presentencing Report, and failed to make a written determination that the disputed matters would not be relied upon in sentencing.

The appellant challenges five separate aspects of the Presentencing Report. First, he claims that the cover sheet of the Report incorrectly mentions cocaine, implying that he pleaded guilty to conspiracy to distribute cocaine as well as marijuana. Ramirez denies any such involvement with cocaine. Second, the appellant objects to the probation officer's conclusion that Ramirez showed little remorse. Third, Ramirez claims that the ranch referred to in the Report was purchased in 1979, before his involvement in the conspiracy, and is thus unrelated to the narcotics proceeds. Fourth, he contends that he did not begin smuggling marijuana as early as the summer of 1986, and that he smuggled less marijuana than the Government suggests. Finally, Ramirez objects to the Report's references to his lack of cooperation.

FED.R.CRIM.P. 32(c)(3)(D) protects a defendant's due process right to fair sentencing procedures, and provides a clear record of the disposition and resolution of contested facts in the presentence report. *See United States v. Eschweiler*, 782 F.2d 1385, 1387 (7th Cir.1986). In order to be resentenced under Rule 32(c)(3)(D), the defendant must show that: "(1) allegations of

---

**3.** FED.R.CRIM.P. 32(c)(3)(D) provides:
If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no

such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing." *Id.* at 1389.

The record on appeal indicates that the trial judge did indeed make written findings regarding the contested issues in the Presentencing Report. His findings, which discuss all of the issues raised by the appellant, were signed on February 17, 1988. These findings were sent to the United States Probation Office, but were not put into the record at that time nor sent to this Court. However, the findings were included in the record on appeal by stipulation and joint motion of Ramirez's counsel and the Government. Moreover, the trial judge expressly stated that the disputed matters would not be relied upon in determining the appellant's sentence. We must, accordingly, conclude that a violation of Rule 32(c)(3)(D) did not occur.

### B.

Ramirez's second contention is that the trial court relied on confidential information contained in the Presentence Report of his brother, Augustine Ramirez. This Presentence Report was ordered sealed by the trial judge. Ramirez claims that the trial judge relied on Augustine Ramirez's Report without giving Raul Ramirez the opportunity to rebut the information.

This Court has adopted the Fifth Circuit's procedures for relying on the use of confidential presentence reports. In *United States v. Scalzo*, 716 F.2d 463, 468 (7th Cir.1983), we stated:

First of all, the trial judge should state on the record whether she is relying on undisclosed information and should provide on the record a summary of the information if she is so relying. Second, if she is relying on this material, she should forward the undisclosed material in a sealed envelope to this court as part of the record on appeal. Third, the sealed materials should include a written statement by the district judge specifying the reason as supporting the decision

not to disclose the information as well as the facts underlying the summary provided to the defendant. *Id.* at 468.

In the case before us, Ramirez speculates that the trial judge relied upon the confidential Report. However, he does not indicate any instance in the record where the trial judge asserted that he would be relying on the confidential information contained therein from which a reasonable inference might be drawn that he did. We must conclude that Ramirez's pure speculation of such reliance is unfounded.

### C.

Finally, Ramirez claims that the trial judge enhanced his sentence based on a prior acquittal for drug charges. The transcript of the sentencing hearing indicates otherwise, however. The trial judge stated:

I would like to turn first to one question, and that is this defendant's lack of remorse. And I must say, Mr. Werksman, with all due respect to your client, that I see no remorse in this man.

As it's pointed out, this man had the opportunity earlier in 1986 to be tried on drug charges and, fortunately for him, was acquitted. If you listen to his own version, it was only a few months later that he was back in the business. That should have been, I think, a warning to him that he should not engage in the business, that at the very least he would be again prosecuted. If you listen to the government's version and Miss Villarreal's version, it was only a month or two later that he became involved again. So, I can see no remorse in this case.

Tr. at 25 (Nov. 26, 1987).

This Court has upheld the trial court's consideration of a prior acquittal as long as the the acquittal is not relied upon to enhance the sentence. In *United States v. Cardi*, 519 F.2d 309 (7th Cir.1975), we noted that a prior acquittal "does not preclude the district court from considering the information concerning Cardi's association with these activities." *Id.* at 314 n. 3. In

**1278**

*United States v. Plisek,* 657 F.2d 920 (7th Cir.1981), we permitted the trial court to refer to information in the presentence report concerning a prior acquittal, where the trial court did not enhance the sentence based on his review of the merits of this acquittal. *Id.* at 927.

The Supreme Court has underscored the broad latitude accorded the sentencing judge in making sentence determinations. In *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the Court stated:

> A sentencing judge ... is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.

*Id.* at 247, 69 S.Ct. at 1083 (footnote omitted).

■ Since we have not been presented with any evidence contradicting the trial judge's clear pronouncement that he was considering the prior acquittal *only* for the purpose of determining the appellant's remorse, we cannot conclude that the trial judge used the acquittal to enhance the sentence. As a result, we must uphold the trial judge's sentence.

### IV.

For all of the foregoing reasons, the judgment of the trial court is

AFFIRMED.