UNITED STATES of America,
Plaintiff–Appellee,

v.

Casey NOWICKI, Defendant–Appellant.

No. 88–1923.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1989.

Decided March 3, 1989.

Shelly B. Kulwin, Chicago, Ill., for defendant-appellant.

Howard M. Pearl, Barbara F. Lazarus, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellant.

Before POSNER, FLAUM and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Casey Nowicki, Henry Leon and Charles Santiago were charged with nine counts of possession and distribution of approximately $2000 in counterfeit notes, in violation of 18 U.S.C. § 472 and § 473. Nowicki was charged in all nine counts; Leon and Santiago were charged in only four and two counts, respectively. All defendants entered a plea of not guilty. Subsequently, the government filed a superseding two-count indictment against Nowicki charging him with possession and distribution of two counterfeit twenty dollar notes. Nowicki pled guilty to these subsequent charges on the same day pursuant to a plea agreement he entered into with the government. Nowicki faced a maximum penalty of fifteen years imprisonment on the possession count and ten years imprisonment on the distribution count. The district court sentenced Nowicki to nine years imprisonment on Count I and five years consecutive probation on Count II. On those same charges, the district court sentenced Nowicki's co-defendant Henry Leon, who similarly pled guilty, to one year imprisonment on the count for possession and to six months of work release and five years consecutive probation on the count for distribution.[1] Nowicki appeals the sentence imposed by the district court.

■ Appellate review of a court's sentencing decision is extremely narrow. *United States v. Mealy*, 851 F.2d 890, 905 (7th Cir.1988). A sentence will not be vacated upon review unless it is in excess of the limits established by statute under which it is imposed or unless the "sentencing judge relied upon improper considerations or unreliable information in exercising his discretion or failed to exercise any discretion at all in imposing the sentence." *United States v. Ford*, 840 F.2d 460, 466 (7th Cir.1988) (quoting *United States v. Harris*, 761 F.2d 394, 402–03 (7th Cir. 1985)). Nowicki raises three challenges to his sentence: 1) The judge relied upon evidence that Nowicki threatened his co-defendant. 2) The judge allegedly relied upon evidence which the judge stated she would not consider. 3) The sentence imposed was unfair in comparison to the sentence his co-defendant received. Nowicki's challenges to his sentence are without merit.

At a pretrial detention hearing, evidence was introduced that disclosed a threat made by Nowicki to his co-defendant, Santiago. During argument on the sentencing, the prosecutor referred to that threat in which Nowicki told Santiago, "I hate to see you in a pine box, Charlie. It can happen." Nowicki was obviously attempting to dissuade Santiago from testifying against him. The sentencing judge relied upon this threat, commenting on the "ruthless and chilling" manner in which it was made. Nowicki contends that this was error.

■ This court has repeatedly observed that a trial judge has "great latitude in the information he uses to determine the sentence." *United States v. Perez*, 858 F.2d 1272, 1275 (7th Cir.1988). *See, e.g., United States v. Vega*, 860 F.2d 779, 800 (7th Cir. 1988); *United States v. Nesbitt*, 852 F.2d 1502, 1521 (7th Cir.1988). The trial judge

---

1. The record does not reveal whether Santiago also pled guilty, was tried and convicted, or had the charges against him dropped.

---

may "appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it might come." *Nesbitt*, 852 F.2d at 1521 (quoting *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). As part of this broad inquiry, the trial judge is permitted to consider a variety of factors, including, hearsay evidence, *see Mealy*, 851 F.2d at 907, a defendant's truthfulness while testifying, *see Ford*, 840 F.2d at 467, a defendant's refusal to recognize his offense, *see United States v. Marquardt*, 786 F.2d 771, 782 (7th Cir.1986), the potential deterrence of others, *see United States v. Hedman*, 630 F.2d 1184, 1201 (7th Cir. 1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981), a defendant's parole eligibility, *see United States v. Plain*, 856 F.2d 913 (7th Cir.1988), the nature of the offense, *see United States v. Sato*, 814 F.2d 449, 452 (7th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987), and reliable evidence of wrongdoing for which the defendant has not been charged or convicted. *See United States v. Cusenza*, 749 F.2d 473, 478 (7th Cir.1984).

*United States v. Marshall*, 719 F.2d 887 (7th Cir.1983), states the law in this circuit regarding the consideration of threats the defendant has allegedly made to others. In *Marshall*, the sentencing court relied upon hearsay reports concerning the defendant's alleged involvement with a motorcycle gang and his role as a "hit man" where he threatened the lives of other gang members. This court recognized:

> Information concerning a defendant's life and characteristics is "[h]ighly relevant—if not essential—to [the court's] selection of an appropriate sentence." *Williams [v. New York]*, 337 U.S. [241] at 247, 69 S.Ct. [1079] at 1083 [93 L.Ed. 1337 (1949)]. Whether Marshall is a murderer, or has planned murder, *or has*

*threatened murder* are all relevant to the sentencing court's determination of Marshall's chances for rehabilitation.

*Id.* at 891 (emphasis added). This court held that the sentencing judge properly could rely upon this evidence if it first determined that the information was reliable and allowed the defendant an opportunity to rebut the information. 719 F.2d at 891. *Accord, United States v. Pugliese*, 805 F.2d 1117 (2d Cir.1986). This view is consonant with the Supreme Court decisions holding that a defendant is not denied due process if a sentencing court relies upon evidence of crimes for which the defendant has not been convicted. *See United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed.2d 1337 (1949); *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed.2d 1690 (1948).

Here, the evidence regarding Nowicki's threat was certainly relevant. The existence of the threat reflected Nowicki's propensity for violence (a propensity which had not diminished apparently with Nowicki's alleged "burn-out" on a criminal career), as well as Nowicki's chances for rehabilitation. The district court's procedures in considering this information fully comported with due process requirements. The trial court was first informed of this threat at a detention hearing. The court conducted a full detention hearing and after both parties presented witnesses regarding the existence of the threat, the court concluded that Nowicki had made a dangerous threat to his co-defendant. This hearing sufficiently established the reliability of the information. When the threat was referred to at the sentencing hearing, the defendant had a further opportunity to rebut this evidence, although he understandably did not pursue this opportunity with vigor.[2] Under the circumstances, the trial judge properly relied upon the threat in sentencing Nowicki.

**2.** Recognizing that the district court fully considered the facts concerning this threat previously, the defendant's counsel properly acknowledged, "I cannot counter what your Honor ruled or how your Honor ruled with respect to the Santiago conversation or tapes.... [I]t's almost like collateral estoppel. That matter has been decided adversely for me. You are going to take that into account in any way you can." Transcript of Sentencing Hearing, pp. 55–56.

Nowicki next claims that the judge relied upon information which the judge stated she would not consider. First, he contends that at the sentencing hearing he objected to inaccuracies concerning four arrests noted in the pre-sentence investigation report. The judge stated she would not consider these arrests. Absent these four arrests, Novicki's record contained thirty-one arrests. At sentencing, the judge noted, in passing, that Nowicki had compiled a litany of contacts with the criminal justice system: "35 arrests, 8 convictions."

Although Nowicki was entitled to be sentenced upon accurate information, *Perez*, 858 F.2d at 1275, the judge's reference to thirty-five arrests instead of thirty-one cannot be considered a material misstatement. It is obvious that the judge simply misspoke, since there is no indication that the judge specifically considered the circumstances of those four arrests which minutes earlier the judge stated she would ignore. Notwithstanding this misstatement, whether Nowicki had thirty-one or thirty-five arrests was unlikely to alter the judge's characterization of Nowicki's record as "one criminal arrest after another."

Nowicki also contends that the judge considered allegations linking Nowicki to the kidnapping, torture and murder of an individual in 1984. Prior to the sentencing hearing, the government attempted to tender evidence that Nowicki drugged a young female and chained her naked to a radiator in his apartment until her death. Nowicki objected to this proffer. The court rejected the government's proffer, refused to hold a hearing to determine the reliability of this evidence, and stated that it would not consider these allegations in sentencing.[3] During the sentencing, the court again stated that it would "not take into consideration anything that was included in that proffer." The court emphasized no less than nine times during ruling on the government's proffer and during sentencing that it would not and did not consider these allegations in sentencing. Nonetheless, Nowicki claims that it is "not improbable" that the judge relied upon this information.

Where the defendant presents no evidence that reliance upon the contested information was *probable*, this court has held that no violation of due process occurred. *Blake v. United States*, 841 F.2d 203, 207 n. 3 (7th Cir.1988) (citing *Johnson v. United States*, 805 F.2d 1284, 1289 (7th Cir.1986)). At most, Nowicki asserts that his sentence allegedly exceeded the national average for like offenders convicted of similar crimes and that Nowicki's co-defendant received a lesser sentence. However, the reasons stated by the judge in imposing Nowicki's sentence plausibly justify this treatment. The judge viewed Nowicki as an "antisocial individual with a criminal history that is extensive and with a desire to con the system." The judge therefore meted out "severe punishment,"[4] believing that Nowicki was a recidivist with a career in criminal endeavors. The judge found that Nowicki had threatened his co-defendant, that Nowicki was more deeply involved in the counterfeiting scheme than his co-defendant, and that Nowicki refused to recognize the seriousness of his crime. When a sentencing judge has before her a defendant with a criminal history such as Nowicki's and imposes a substantial sentence, it would be rash to infer, as Nowicki requests this court to do, that the reason for the length is not that reason articulated by the judge, but is instead evidence that

---

**3.** The court ruled:

It is important to keep in mind that the local law enforcement agencies with primary jurisdiction over the alleged murder have not seen fit to arrest or prosecute Mr. Nowicki. The same witnesses the government wishes to present to this Court are available to the State's Attorney's Office. Surely, they are available to the State's Attorney's Office, and they have been so for four years.

Under these circumstances, this Court will not take the matter into consideration in sentencing Mr. Nowicki.

Transcript of Proceedings, April 5, 1988, p. 6.

**4.** Judge Rovner's view—not ours. Nowicki faced a possible term of imprisonment of twenty-five years and received only nine years.

the judge expressly stated that she would not consider. There exists no indication that the judge improperly considered any of the evidence which she stated she would ignore in sentencing.

▮▮▮ Nowicki's final contention is that his sentence of nine years is excessive in light of the one year sentence meted out to his co-defendant on the same charge. A mere showing of disparity of sentences among co-defendants does not constitute a failure to exercise discretion. *United States v. Neyens*, 831 F.2d 156, 159 (7th Cir.1987). If the sentencing judge gives "thoughtful consideration" to the sentence she imposes, this court will not disturb the imposition of disparate sentences on co-defendants. *Id.* (citing *United States v. Santiago*, 582 F.2d 1128, 1137 (7th Cir.1978).

Here, beyond the obvious difference between Nowicki's and his co-defendant's criminal records (Nowicki had thirty-one arrests and eight convictions; Leon had only thirteen arrests and two convictions), much exists to account for the disparate treatment. As noted previously, Nowicki had threatened his co-defendant. Not only was this threat "dangerous" as the judge concluded, but the threat was particularly reprehensible since its intended result was obstruction of the court's inquiry into the facts. Additionally, the judge considered Nowicki a recidivist with a criminal history for which Nowicki refused to accept responsibility. The judge was permitted to take this into account in sentencing. *Marquardt*, 786 F.2d at 782. In view of this, the court's sentencing decision was not devoid of the type of "thoughtful consideration" required.

Accordingly, the district court's sentence is

AFFIRMED.