**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cary Lewis FISCHER,
Defendant–Appellant.**

**No. 89–2064.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1990.

Decided June 11, 1990.

record.

Grant C. Johnson, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

Cary L. Fischer, Sandstone, Minn., pro se.

Richard L. Zaffiro, Appleton, Wis., for defendant-appellant.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and WILL, Senior District Judge.*

PER CURIAM.

Fischer was indicted for and pleaded guilty to the distribution of ⅛ oz. of cocaine, the same amount he delivered hand-to-hand to the undercover agent. However, his presentence report—prepared by the Probation Office from information supplied by the Assistant U.S. Attorney—mentioned quantities of 8 to 10 ounces per week. Fischer disputed the accuracy of that report and, as required by Fed.R.Cr.P. 32(c)(3)(D), the district judge held a hearing. Fischer admitted to receiving as much as an ounce a week, seven or eight times between August 1986 and January 1987. The prosecutor hinted at quantities of up to five pounds total. At the conclusion of the hearing, the district judge stated that:

> The Court will specifically find that ... the defendant did purchase at least one ounce per week, except for the two ounces on the other occasion; and the Court believes that more than one or two ounces were purchased ... and except for being able to indicate a significant amount is unable to make a finding any more specific than that.... But it does stand to reason that ... one ounce is a minimum. The Court believes that there was indeed more which was sold and will so find.

The district judge sentenced Fischer to five years custody and a six-year special parole term, which was an authorized sentence for a pre-Guidelines offense involving a prior conviction and any quantity of cocaine under a kilogram. See Comprehensive Drug Abuse Prevention and Control Act of 1970, § 401(b)(1)(B), 21 U.S.C. § 841(b)(1)(B). And the special parole term was mandatory. See *United States v. Sanchez*, 687 F.Supp. 1254 (N.D.Ill.1988).

The district judge, however, did not state whether in imposing the sentence he was relying exclusively on the ⅛ oz. charged in the indictment and detailed in the plea agreement or also taking into consideration his finding that "indeed more ... was sold." We affirm because we conclude that he did not abuse his discretion: he did not clearly enhance or demonstrably base Fischer's sentence, see *United States v. Perez*, 858 F.2d 1272, 1275 (7th Cir.1988), on amounts in excess of the seven or eight ounces (one ounce a week, seven or eight times) that Fischer confessed to at the Rule 32(c)(3)(D) hearing, or on any quantity above the kilogram ceiling for 841(b)(1)(B). But what happened in this case comes dangerously close to a practice this court has said is improper, namely, sentencing "on evidence of crimes for which the defendant has not been convicted." *United States v. Cameron*, 814 F.2d 403, 407 (7th Cir.1987); *United States v. Johnson*, 658 F.2d 1176, 1179 (7th Cir.1981). But see *United States*

---

* The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

*v. Nowicki,* 870 F.2d 405, 406–07 (7th Cir. 1989) and *Smith v. United States,* 551 F.2d 1193, 1195–96 (10th Cir.) *cert. denied,* 434 U.S. 830, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977).

Finally, we urge prosecutors not to indict defendants on relatively minor offenses and then seek enhanced sentences later by asserting that the defendant has committed other more serious crimes for which, for whatever reason, the defendant was not prosecuted and has not been convicted. That practice places judges, trial and appellate, in a difficult position when it comes to sentencing or reviewing sentences and opens prosecutors to criticism for improper conduct. It should be avoided—even under the Guidelines and notwithstanding Guidelines Section 1B1.3(a)(2), which, see *United States v. White,* 888 F.2d 490 (7th Cir. 1989), directs judges, in computing a defendant's offense level, to cumulate all quantities sold as "part of the same course of conduct or common scheme or plan as the offense of conviction," whether or not the conviction itself covers the whole amount.