41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur BOVIO, Defendant-Appellant.
 No. 94-1032.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 15, 1994.
 
 Appeal from the United States District Court, for the Northern District of Illinois, Eastern Division, No. 91 CR 126; James B. Zagel, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Arthur Bovio pled guilty to passing a United States Treasury check bearing a forged endorsement in violation of 18 U.S.C. Sec. 510(a). This offense was committed before the effective date of the United States Sentencing Guidelines. The district court sentenced Bovio to five years on probation and ordered a special assessment of $50.00 and restitution in the amount of $2,986.75. The court explained:
 
 
 4
 If it turns out that you are not a con man, that that's all in your past, you'll have a fairly uneventful period of probation. If it turns out that you are, what I will do is I will revoke the probation and I will at that time impose a sentence.
 
 
 5
 It would be my intention to impose a sentence of some significant number of years if that event occurs. (2/27/92 Transcript at 17).
 
 
 6
 Bovio's probation began after his release from state prison in May 1992. In October 1993, the government filed a motion for a rule to show cause why probation should not be revoked based upon a special report by Bovio's probation officer that alleged multiple probation violations. A probation revocation hearing was held by the district court and Bovio's probation was revoked. The court noted:
 
 
 7
 I think it is fair to say that [Mr. Bovio] is a con man; and when I gave him probation, I did express some concern, because my experience with con men has been--and I've spent virtually my entire career dealing with criminal law and its administration. My experience with con men has indicated that its difficult for them to stop, even when it has absolutely no real consequence in life for them.
 
 
 8
 ... [My] experiences as an adult with people who do what Mr. Bovio does is they don't, I think, really in many cases have a way of stopping themselves. And I don't think Mr. Bovio can stop himself, and I think he is in the vernacular a menace to navigation if he's out of custody. (10/28/93 Transcript at 29-30)
 
 
 9
 The district court sentenced Bovio to eight years of imprisonment after receiving a supplemental report from the probation department. In commenting on the length of Bovio's sentence the court explained:
 
 
 10
 I agree that it's a stiff sentence. I'm not going to tell you or your client that it's not a stiff sentence. But given his conduct on probation and given his entire history and given his demeanor, that it is in my view an appropriate sentence, and indeed the truth of the matter is that I recall what I said at the time of sentencing. If I hadn't said that, I suspect that the sentence would be ten years. So I just think that there is no other effective way to protect society. (12/9/93 Transcript at 8)
 
 
 11
 Six days after the imposition of this sentence, Bovio filed a motion to sentence defendant under the Federal Sentencing Guidelines which the district court denied. Bovio now appeals his sentence.
 
 
 12
 Our review of pre-Guidelines sentences is extremely narrow. United States v. Nowicki, 870 F.2d 405, 406 (7th Cir.1989). The federal district court has wide discretion in sentencing determinations. United States v. Tucker, 404 U.S. 443, 446 (1972). A district court sentence will be vacated only if it exceeds statutory limits or the "sentencing judge relied upon improper considerations or unreliable information in exercising his (or her) discretion or failed to exercise any discretion at all in imposing the sentence." United States v. Ford, 840 F.2d 460, 466 (7th Cir.1988) (quoting United States v. Harris, 761 F.2d 394, 402-403 (7th Cir.1985)).
 
 
 13
 Although both parties concede that the district court was under no obligation to apply the Guidelines, Bovio contends that the district court's failure to consider the sentencing guideline range in determining a pre-Guidelines sentence constitutes an abuse of discretion.[1] The Fourth Circuit has already addressed this issue and squarely rejected Bovio's proposition. The court held that:
 
 
 14
 Although we believe that the district court may consult the Guidelines to inform a pre-Guidelines sentence, it is not an abuse of discretion to do otherwise. If [the appellant] had no right to be sentenced under the Guidelines, as we have held, he similarly had no right to demand that the district court exercise its discretion by consulting a statutory scheme that did not apply to his crime.
 
 
 15
 United States v. Bakker, 925 F.2d 728, 740 (4th Cir.1991). Similarly, the Eleventh Circuit has held that while it is permissible for the district court to consider the Guidelines in sentencing offenses committed prior to November 1, 1987, "the court [is] not mandated to consider the guidelines." United States v. Johnson, 889 F.2d 1032, 1036 (11th Cir.1989).
 
 
 16
 We find the reasoning of the Fourth and Eleventh Circuits persuasive and consistent with our own precedent. See United States v. Stewart, 865 F.2d 115, 116 (7th Cir.1988) ("Congress' clear intent was that the [Sentencing Reform Act] would not apply to sentencing for offenses committed prior to its November 1, 1987 effective date."); United States v. George, 891 F.2d 140, 143 (7th Cir.1989). Accordingly, we hold that the district court is not required to consult the Guidelines in setting a pre-Guidelines sentence. The district court may, of course, consult the Guidelines in exercising its discretion if this is helpful in determining a sentence.
 
 
 17
 Bovio also contends that the district court abused its discretion by imposing a sentence that is substantially more severe than the sentence that would have been imposed under the Guidelines. "Clearly, a sentence of ninety-six months, where the guideline maximum was twenty-one months would not withstand appellate scrutiny." Appellant's Brief at 12. This court, however, has already held that a disparity in sentencing between the Guidelines and the old law does not rise to the level of abuse of discretion. United States v. Johnson, 903 F.2d 1084, 1092 (7th Cir.1990) ("It is irrelevant that had this been a Guidelines case, the defendants might have received lighter sentences.") See also United States v. Ramusack, 928 F.2d 780, 783 (7th Cir.1991); United States v. Vasquez, 966 F.2d 254, 259 n. 1 (7th Cir.1992).
 
 
 18
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court denied Bovio's post-judgment motion both on the merits and on grounds that Bovio's failure to bring this request at the sentencing hearing at which he was present and represented by counsel constituted a waiver. Since the district court did not err in denying the motion regardless of when it was made, we need not decide the issue of whether a waiver occurred