**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4727**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

RICK JAMES ANDERSON, a/k/a Lil Rick,

     Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Chief District Judge. (3:16-cr-00315-TLW-1)

Argued: May 9, 2019         Decided: June 6, 2019

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Alyssa Leigh Richardson, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Sherri A. Lydon, United States Attorney, William K. Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rick Anderson appeals from his conviction on three federal counts relating to controlled substances and firearms. For the reasons that follow, we affirm.

I.

On April 19, 2016, the government charged Anderson in a nine-count indictment with various offenses, stemming from a series of controlled buys conducted by law enforcement in which Anderson sold small quantities of cocaine base and several firearms to a confidential informant. A total of 4.88 grams of cocaine base was involved in these controlled buys.

During plea negotiations, the government additionally provided Anderson with the proffer statement of a cooperating defendant, Jarvis Craft, and the "debriefing statement" of a second cooperating defendant, Tracy Todd. In the first statement, Craft estimated that he personally sold Anderson approximately 112 grams of cocaine base and 175 grams of cocaine sometime in 2015; in the second, Todd stated that he "was being supplied" undisclosed quantities of cocaine base and cocaine from Anderson and that he wished to "cooperate fully." Joint 28(j) Letter at 16, ECF No. 50 (May 22, 2019).

With this information in hand, on September 29, 2016, Anderson pled guilty pursuant to a plea agreement to the first three counts of the indictment: possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); using and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1); and possession of a firearm by a felon, *id.* § 922(g)(1).

2

The government then submitted Craft's proffer statement to the Probation Office, as well as a new and detailed proffer statement from Todd in which he claimed to have witnessed Anderson purchase approximately 112 grams of cocaine base at various times after 2013, as evidence of "relevant conduct" under § 1B1.3 of the U.S. Sentencing Guidelines. Taken together with the conduct directly charged in the indictment, the government urged, and the Probation Office recommended in the Presentence Investigation Report (PSR), that Anderson be held responsible for 228.88 grams of cocaine base and 175 grams of cocaine for the purpose of calculating his guideline range under § 2D1.1(c).

In the months between his plea and sentence, Anderson wrote several pro se letters to the district court challenging the government's evidence as to the drug quantity. Neither Anderson nor his lawyer suggested that the government breached its obligations under the plea agreement.

The parties first appeared for sentencing on January 18, 2017. After Anderson reiterated his desire to file formal objections to the drug weights, however, the district court continued the proceeding to allow Anderson's lawyer to file formal objections. Although counsel stated that he would file an objection "hopefully this afternoon," he never did so.

After a delay in the proceedings to ensure Anderson's competency, the district court resumed the sentencing hearing on November 14, 2017. Anderson affirmed that he had received sufficient time to review his PSR, that he was prepared to proceed, and that he had no further objections. The court then found the applicable guideline range to be

3

110–137 months in prison on counts one and three, with a statutorily mandated 60-month consecutive sentence on count two. Anderson did not object to any of the court's findings. The court imposed a within-guideline sentence of 175 months in prison.

## II.

On appeal, Anderson raises three claims.

First, he contends that the government breached its implied duty of good faith and fair dealing by failing to disclose material information — namely, Todd's proffer statement — prior to entry of the plea agreement.[1] Because Anderson did not raise this issue before the district court, we review for plain error. *United States v. Edgell*, 914 F.3d 281, 286 (4th Cir. 2019). "Under that standard, [Anderson] must show that the government plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 286–87.[2]

---

[1] Although Anderson initially contended that the government had not disclosed *either* of Craft or Todd's proffer statements during plea negotiations, the parties now agree that the government disclosed Craft's statement on July 13, 2016, *before* entering the plea, but did not disclose Todd's statement until October 21, 2016, a month *after* Anderson's September plea. Joint 28(j) Letter at 1–2.

[2] To the extent Anderson seeks to directly challenge the drug weights attributed to him as relevant conduct, he has waived any such challenge by identifying the issue and then explicitly withdrawing his objection. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014). Because Anderson did not argue before the district court that the government *breached the plea agreement*, however, that claim is not waived, and we review it for plain error. *Id.*

4

Of course, it is beyond dispute that "[p]lea agreements are grounded in contract law, and both parties to a plea agreement should receive the benefit of their bargain." *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). Plea agreements, like all contracts, contain an implied duty of good faith and fair dealing in contract performance. *See, e.g.*, *United States v. Murray*, 897 F.3d 298, 305 (D.C. Cir. 2018); *United States v. Frazier*, 340 F.3d 5, 11 (1st Cir. 2003). But Anderson has not pointed to any case even considering whether the government breached this duty on facts like those present here. To be sure, the government's conduct in this case may not constitute best practices. *See United States v. Fischer*, 905 F.2d 140, 142 (7th Cir. 1990); *see also* U.S.S.G. § 6B1.2 cmt. Indeed, counsel for the government conceded at oral argument that intentionally withholding material information during plea negotiations to induce a plea would render any agreement void. *See* Restatement (Second) of Contracts §§ 161, 164. But Anderson expressly disclaimed any argument that his plea agreement is voidable due to such misrepresentation or fraud in its *formation*; instead, he challenges only the government's *performance*. For all of these reasons, even assuming an error occurred, we cannot say that it was plain.[3]

Second, Anderson contends that he received ineffective assistance of counsel before the district court, a question we review de novo. *United States v. Faulls*, 821 F.3d

---

[3] The government has also moved to dismiss Anderson's claim as barred by his appeal waiver. "However, a defendant's waiver of appellate rights cannot foreclose an argument that the government breached its obligations under the plea agreement." *Tate*, 845 F.3d at 574 (internal quotation marks and alterations omitted). Accordingly, we deny that motion.

502, 507 (4th Cir. 2016). Because ineffectiveness is not conclusively established on the face of the record, we conclude that Anderson's claim must be raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Finally, citing Federal Rule of Criminal Procedure 32(e)(2), Anderson claims that the district court erred in declining to permit him to retain a copy of his PSR while incarcerated before his sentencing. Anderson has cited no case in support of his position that the Rules grant him such a right, but even assuming one exists, Anderson conceded at his final sentencing hearing that he had received enough time to review the PSR and had no objections. Accordingly, he cannot demonstrate any prejudice in this case, and any violation of Rule 32(e)(2) would not warrant reversal. *See United States v. Marrero*, 651 F.3d 453, 473 (6th Cir. 2011) (reviewing violation of Rule 32(e)(2) for harmless error and finding no prejudice).

## III.

For the reasons stated, the judgment of the district court is

*AFFIRMED*.