UNITED STATES of America, Plaintiff–Appellee,

v.

Clarence McCLAIN, Defendant–Appellant.

No. 92–1517.

United States Court of Appeals, Seventh Circuit.

Argued May 4, 1993.

Decided Aug. 9, 1993.

Barry R. Elden, Asst. U.S. Atty. and Jonathan G. Bunge (argued), Office of U.S. Atty., Cr. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

A. Benjamin Goldgar (argued), Keck, Mahin & Cate, Chicago, IL, for defendant-appellant.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILLIAMS, Senior District Judge.*

* The Honorable Spencer Williams, Senior District Judge for the Northern District of California, is sitting by designation.

CUMMINGS, Circuit Judge.

In the mid 1980s, Clarence McClain and a group of cohorts sought by bribery and fraud to ensure that a New York company would win a lucrative contract to collect the City of Chicago's parking tickets. McClain was caught, tried and convicted of conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and ten other federal crimes; the district court sentenced him to eight years in prison on the RICO count and lesser concurrent terms for the other counts. This Court overturned five of McClain's convictions but upheld his RICO conviction and five others. *United States v. McClain*, 934 F.2d 822 (7th Cir.1991). On remand the trial court reinstated the eight-year sentence it had originally imposed. In this appeal, McClain claims that at his resentencing hearing the judge punished him for exercising his constitutional right to maintain his innocence and failed to account for his poor health. We affirm his sentence.

McClain went to trial in June of 1989, after which the jury handed down convictions for a RICO conspiracy, 18 U.S.C. § 1962(d); three Travel Act counts, 18 U.S.C. § 1952(a); a false tax return count, 26 U.S.C. § 7206; a mail fraud count, 18 U.S.C. § 1341; and five Hobbs Act violations, 18 U.S.C. § 1951—eleven convictions in all. McClain's crimes occurred before November 1987, and thus the U.S. Sentencing Guidelines did not apply to the eight-year sentence that the trial judge imposed for McClain's convictions. On appeal, we overturned four of the Hobbs Act convictions and the mail fraud conviction, upheld the rest and remanded for resentencing. *McClain*, 934 F.2d at 836. On remand, McClain moved for a reduced sentence because of his poor health. The trial court scheduled a hearing, and the Probation Office reported that the diabetic McClain had become insulin dependent and had problems with a game leg. While in prison, McClain was transferred to the Federal Medical Center in Rochester, Minnesota, for treatment of his leg and his diabetes. No evidence before the court below suggested that the Rochester Center could not adequately address McClain's future medical needs.

At McClain's resentencing hearing, the district court heard McClain speak on his own behalf. After reiterating that he was innocent of the crimes he had been convicted of, McClain stated:

[A]t some point in time I have to reckon with myself that I had to have been somewhere at fault to have even walked into this courtroom * * * I will tell you I do accept the responsibility that somewhere along the line something happened, whether I was two years old or forty-two years old, something in my life transpired that directed me to this court. I had to play a part in that.

Tr. at 15. Perplexed, the judge asked McClain to clarify whether he was admitting his crimes, and McClain answered that he was not. After a recess, the court observed that McClain had declined a rare second opportunity to reflect upon and accept responsibility for his actions, and concluded:

[T]his court believes the circumstances justify the original sentence imposed and that the sentence was fair and proper. * * * The counts of the indictment on which you were convicted and which were affirmed on appeal reflect the most extraordinar[il]y serious criminal conduct. You betrayed the trust the late Mayor Washington and others once placed in you and manipulated that trust and the position of influence you enjoyed to satisfy your own greed and your own ambition. Your motto was, and I quote, "We don't tell nobody the truth." * * * That is the way you came to live your life. And that, unfortunately, is the way you continue to live your life.

Tr. at 21. The court also found that McClain's health problems had been adequately addressed at Rochester and therefore reinstated his eight-year sentence.

In pre-Guidelines cases, at least, it is axiomatic that a trial court has broad discretion to sentence the defendant; we will affirm as long as the sentence is within the statutory limits and the judge did not rely on improper information. *United States v. Johnson*, 903 F.2d 1084, 1089 (7th Cir.1990); *United States v. Perez*, 858 F.2d 1272, 1275 (7th Cir.1988). McClain argues that the judge considered erroneous information

when she resentenced him because she stated that he had the same medical problems as before. McClain asserts that his original leg and diabetes conditions had worsened and that he had acquired new ailments in prison. But the judge did not base her decision on McClain's medical condition-she merely found that he had access to adequate treatment at Rochester. Because the record supported this finding, it was not an abuse of discretion for the trial judge to deny McClain a reduced sentence despite his medical problems. *Id.*

McClain also claims that his resentencing hearing denied him due process because the district court punished him for maintaining his innocence. His brief states "Although this court reversed five of his eleven convictions on appeal, at his resentencing McClain received the same eight years in prison and five years' probation when he continued to assert his innocence." D.Br. at 15. This portrays a trial judge's effort to choose an appropriate punishment as a kind of bean-counting—as though if eleven convictions yields eight years, then six convictions must yield less than eight years. Such arithmetic proportion has little to do with the calculus of sentencing. Here the district court initially sentenced McClain to eight years in prison on his RICO conviction, which we upheld on appeal. We also upheld five of his ten other convictions on Hobbs Act, Travel Act and false tax return violations. The RICO charge was the most inclusive of those brought against him; it encompassed most of his criminal acts, and his sentences for the other discrete convictions ran concurrently with the RICO term. Even if we had upheld only the RICO conviction on appeal and reversed the others, the trial court still would have retained discretion to reinstate an eight-year sentence on remand. The statutory maximum sentence for the RICO crime alone was twenty years, and the court's sentence was well within the statutory limits that command our deference on appeal. *Johnson,* 903 F.2d at 1089.

 If McClain had been filled with remorse at his resentencing and admitted his crimes before the district court, it is possible that he would have received a reduced sentence. But this does not mean that he was punished for maintaining his innocence in any way that the Constitution recognizes. After trial the unfettered right to claim innocence must be balanced against an awareness that those who admit their guilt are often less threatening to society. Here, the court was entitled to inquire if McClain had a change of heart in prison. If he had come to repent his bad acts, the court might have decided that he deserved a lesser sentence because he was likelier to act as a law-abiding citizen upon his release. McClain can hardly complain that the court gave him an opportunity to spend less time in prison—and in any event the court properly considered whether McClain was contrite and whether he refused to recognize his offenses. *United States v. Sato,* 814 F.2d 449, 452 (7th Cir.1987), certiorari denied, 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254; *United States v. Ford,* 840 F.2d 460, 466–467 (7th Cir.1988). The trial judge handed down a legitimate sentence based on the severity of McClain's crimes that were affirmed, and her decision was not an abuse of discretion. *Johnson,* 903 F.2d at 1090; *United States v. Nowicki,* 870 F.2d 405, 407 (7th Cir.1989).

As the trial court observed, McClain has the right to protest his innocence against overwhelming evidence to the contrary, and of course we recognize that on rare occasions people adjudged guilty are actually innocent. But because courts cannot require certainty of guilt before they mete out punishment, our system need not treat as equals an unrepentant convict and one who shows remorse.

AFFIRMED.