UNITED STATES of America, Plaintiff–Appellee,

v.

Douglas D. CRABTREE and Patrick H. Cray, Defendants–Appellants.

Nos. 93–2909, 93–3169.

United States Court of Appeals, Seventh Circuit.

Argued June 2, 1994.

Decided Sept. 30, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied Nov. 3, 1994.

---

Patrick J. Chesley, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Springfield, IL, for plaintiff-appellee.

Gordon W. Gates (argued), James R. Potter, Londrigan, Potter & Randle, Springfield, IL, for Douglas D. Crabtree.

John H. Long, W. Scott Hanken (argued), Long, Morris, Myers & Rabin, Springfield, IL, for Patrick H. Cray.

Before FAIRCHILD, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Douglas D. Crabtree and Patrick H. Cray were convicted of three counts of misapplication of bank funds, one count of conspiracy to misapply bank funds, and two counts of interstate transportation of goods obtained by fraud. The district court sentenced each of them to one ten-year prison term, two consecutive five-year prison terms (which were to run concurrently with the ten-year term), and three concurrent five-year probation terms.[1]

Crabtree and Cray appealed to this court, and we affirmed their convictions, but vacated their sentences. *United States v. Crabtree*, 979 F.2d 1261, 1270–71 (7th Cir.1992), *cert. denied*, —— U.S. ——, —— – ——, 114 S.Ct. 216, 216–17, 126 L.Ed.2d 173 (1993). In that appeal, the government conceded that the district court erred in sentencing Crabtree and Cray on the basis of several allegedly fraudulent loans for which they were never charged or convicted. We opined that

[n]eedless to say, this miscalculation—which accounted for $241,332 of the restitution ordered by the trial court—directly (and indirectly) affected the trial judge's sentencing on six of the seven counts, both as to length of imprisonment and the aggregate amount of restitution.

*Id.* at 1266. We therefore remanded the case to the district court for resentencing. We added that, on remand, "the district judge should ... consider anew the defendants' sentences of imprisonment on each count." *Id.*

■ Crabtree and Cray now allege that on remand the district court failed to follow our mandate in the first *Crabtree* opinion. Specifically, the appellants argue that, although Judge Mills properly reduced the amount of restitution ordered against them,[2] he ignored this court's order to "consider anew" their prison sentences. Instead, they insist, Judge Mills simply re-imposed the same ten-year sentence against them both.

Crabtree and Cray point to Judge Mills' comments at resentencing to illustrate the way in which the district court misunderstood this court's behest. They assert that, in our first *Crabtree* opinion, we held that the uncharged loan amounts positively *did* affect the district court's prison sentence. They argue that at resentencing, however, the district court contradicted our holding by stating that the uncharged loans amount did not affect its imposition of the ten-year prison terms:

The Court [of Appeals], naturally, thought that there was a possibility that the mere amount of funds involved in this conspiracy and the other charges of bank fraud in this application, interstate transport and so forth, might have a bearing upon the sentence and the amount of time imposed by th[is] Court.

And that's why we're here. The Court wants to clearly indicate that the amount of money is not crucial at all to the sen-

---

1. The underlying facts of this case are set out in detail in *United States v. Crabtree*, 979 F.2d 1261 (7th Cir.1992), *cert. denied*, —— U.S. ——, —— – ——, 114 S.Ct. 216, 216–17, 126 L.Ed.2d 173 (1993).

2. Originally, Crabtree and Cray were ordered to pay, jointly and severally, $1,624,308 in restitution. On remand, the district court reduced the amount of restitution to $50,000 against Crabtree and $10,000 against Cray.

tencing discretion that the Court has exercised.

Whether it is $10,000, whether it is $10 million, what took place here—and we heard it in aces, spades, and trumps—but what took place here was set forth in the original presentence investigation reports.

\* \* \* \* \* \*

And I think the Government has wisely and in all candor made a fair recommendation. However, that does not change the Court's views concerning the sentences that were imposed.

I went at great length into why those sentences were imposed. It was not because of prior records. It was for deterrence purposes. It was foreknowledge by these Defendants that they had in this conspiracy purposely, dogmatically, precisely, with knowledge aforethought and with fraud in their hearts to do this....

Crabtree and Cray conclude that, had the district court considered anew their sentences, it would have had to lower their prison sentences in an amount commensurate to the lowering of the amount of loss they were found to have caused.

We disagree with the appellants' contention that the district court failed to follow our directive on remand. Although it is true that we believed that the uncharged loan amounts had a definite effect on Judge Mills' original sentence, we did not state that the effect was of such a magnitude that it would necessitate reducing the length of Crabtree's and Cray's prison terms. Significantly, we did not instruct the district court to lower Crabtree's and Cray's prison sentences; rather, we instructed it only to "consider [them] anew."

This the district court did. Contrary to the appellants' assertion, Judge Mills did not dispute our finding that the uncharged loan amounts had an effect on his original sentence. He stated only that the amount of loss occasioned by Crabtree's and Cray's actions was not *crucial* to his decision to impose the ten-year prison terms and that, instead, he based his original sentence principally on the defendants' offense behavior and criminal intent.

Judge Mills remarked, "Now, we must not lose ... sight of the fact here, the amounts of money are peripheral. They're the side tracks. The main line is that these two gentlemen committed these offenses, were duly found guilty by this jury ... and their convictions have been affirmed on appeal." He then ruled that, despite the reduction of the amount of loss Crabtree and Cray caused, the court's determination of their prison terms would remain unchanged. Because we did not, in our initial opinion, circumscribe the district court's wide discretion to resentence the defendants on the basis of the corrected loss information, Judge Mills was at liberty to decide how best to design Crabtree's and Cray's sentences to effectuate the goals of criminal punishment. He concluded that for deterence purposes, Crabtree and Cray were to receive the same amount of jail time as they originally received, regardless of the amount of loss occasioned by their offenses. Such a determination was perfectly within the intended scope of our initial opinion.[3]

Because we conclude that the district court properly considered the two prison sentences anew, Crabtree's and Cray's second argument, that the district court erred by failing to exercise any sentencing discretion at all, must also fail. It is well-settled that, in a pre-Guidelines case such as this one, our review of a district court's sentencing decision is extremely narrow. *United States v. Jones*, 938 F.2d 737, 743 (7th

---

**3.** As a side note, we find the theory underlying Crabtree's and Cray's argument—that the district court's refusal to lower their prison sentences conclusively proves that it did not consider their sentences anew—independently unpersuasive. There exists little support for the idea that a district court must decrease a defendant's prison sentence commensurately with a decrease in the amount of loss he was determined to have caused.

We once remarked, in a slightly different context, that "arithmetic proportion has little to do with the calculus of sentencing." *United States v. McClain*, 2 F.3d 205, 207 (7th Cir.1993). In *McClain*, we rejected the notion that "a trial judge's effort to choose an appropriate punishment [i]s a kind of bean-counting—as though if eleven convictions yields eight years, then six convictions must yield less than eight years." *Id.* This same logic applies to Crabtree's and Cray's sentences. Nothing in the first *Crabtree* opinion reasonably can be read to have advocated such a bean-counting approach.

Cir.1991). We will affirm a pre-Guidelines sentence within the statutory limits unless " 'the court based that sentence upon improper considerations or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence.' " *Id.* (quoting *United States v. Lewis,* 910 F.2d 1367, 1373 (7th Cir.1990)); *see also United States v. McClain,* 2 F.3d 205, 206 (7th Cir.1993).

Crabtree and Cray argue that, by refusing to reduce their sentences commensurately with the decrease in the amount of loss for which they were deemed responsible, the district court failed to exercise any discretion at all. The gist of their argument seems to be that, if the district court had considered their prison sentences anew, it surely would have decreased the length of their prison terms.[4] Because it did not, the district court must not have exercised any discretion, but must have merely reinstated the original sentences without consideration.

As we have already explained, it is clear that the district court did reconsider Crabtree's and Cray's sentences, and did so consistently with the dictates of our previous *Crabtree* decision. Thus, the appellants' real complaint is not that the district court failed to exercise any discretion at all, but that the district court exercised its discretion poorly by refusing to shorten their prison terms at resentencing.

Because the district court did exercise its discretion at resentencing, the only ground upon which we may reverse Crabtree's and Cray's new sentences is if the district court relied upon improper considerations or unreliable information on remand. The appellants, however, agree that the corrected amount of loss before the district court was accurate and do not allege that the district court considered any other inaccurate information at resentencing. Therefore, we must affirm the district court's determination of Crabtree's and Cray's prison sentences.

AFFIRMED.