**Clarence L. McCLAIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, United States Parole Commission, The Federal Bureau of Prisons and J.J. Clark, Warden, Terre Haute, Indiana, Respondents.**

No. 95 C 5138.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 19, 1996.

Clarence L. McClain, Pro Se.

Jonathon Bunge, Asst. U.S. Atty., United States Attorney's Office, Chicago, Illinois, for respondents.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are petitioner Clarence L. McClain's ("McClain") amended petition for habeas corpus pursuant to 28 U.S.C. § 2241 and motion for reconsideration. For the reasons that follow, the court denies McClain's petition and motion.

## I. BACKGROUND

In July 1989, McClain was convicted of a variety of federal offenses. The trial judge, Judge Rovner, now sitting on the Seventh Circuit Court of Appeals, sentenced McClain to eight years' imprisonment followed by five years' probation, and ordered McClain to pay a $550 special assessment and $35,000 as restitution. On appeal, the Seventh Circuit reversed several of McClain's convictions,

but upheld conviction on six counts, and remanded the case for re-sentencing. *United States v. McClain*, 934 F.2d 822 (7th Cir. 1991).

On February 24, 1992, Judge Rovner imposed the same sentence. Two days later, on February 26, 1992, she corrected the sentence and ordered that McClain pay a $35,-000 fine, rather than $35,000 in restitution. On appeal, the Seventh Circuit affirmed the sentence. *United States v. McClain*, 2 F.3d 205 (7th Cir.1993).

McClain was paroled on March 9, 1993. Between March 1993 and March 1995, McClain did not make substantial payments towards his $35,000 fine. On February 22, 1995, the United States Probation Office filed a special report to request a rule to show cause why McClain's probation should not be revoked for failure to pay his fine. The government then filed a rule to show cause why McClain's probation should not be revoked.

The Probation Office also sent a letter to the United States Parole Commission, informing the Parole Commission that McClain had failed to make substantial payments towards his fine. The conditions of McClain's parole required him to make a diligent effort to satisfy any fine that had been imposed by the court.

On March 29, 1995, a representative of the Parole Commission interviewed McClain. On May 3, 1995, the Parole Commission sent McClain a letter indicating that the Regional Commissioner had found probable cause to believe that McClain had violated the conditions of his release because he had failed to pay the court-imposed fine.

As set forth in a special report dated June 13, 1995, the Parole Commission determined that McClain had violated the conditions of his parole by failing to make good faith efforts to pay the fine, and revoked his parole. McClain surrendered and was incarcerated on June 7, 1995. He was released from prison on February 7, 1996.

However, before McClain was released from custody, he filed a petition for a writ of habeas corpus, and later, an amended petition for a writ of habeas corpus. On January

26, 1996, this court ordered the respondents (hereinafter referred to collectively as "the government") to answer or otherwise plead to McClain's amended petition, which the government did on February 16, 1996. On February 26, 1996, McClain filed a motion for reconsideration of the court's January 26, 1996, order. Thus, now before the court are McClain's amended petition for habeas corpus and his motion for reconsideration of the court's January 26, 1996, order.

## II. DISCUSSION

### A. Motion for reconsideration

■ McClain moves the court to reconsider its order of January 26, 1996, instructing the government to answer or otherwise plead to McClain's petition within 20 days of the date of the order. Though it is difficult to discern from his motion, it appears that McClain wants to file a second amended petition for a writ of habeas corpus, and thus does not want the government to respond to the amended petition.

The court does not perceive a need for McClain to file a second amended habeas corpus petition. McClain points out that his amended petition contains typographical errors and omissions. However, most of the errors are minor, and the court can understand the gist of the amended petition. One paragraph in the amended petition is unintelligible, but McClain corrected that paragraph in his motion for reconsideration and his reply to the government's response to his petition. (See Mot. for Reconsideration at 6; Petitioner's Traverse of United States' Resp. in Opp. to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 (hereinafter "Pet.'s Reply to Govt.'s Resp. to Pet.'s Am.Pet. for Writ of Habeas Corpus") at 10–11.)

McClain also argues that he wishes to add new information to a second amended petition. However, the information that he sets forth in his motion for reconsideration, for the most part, is already set forth in either the amended petition or his reply to the government's response to the petition. McClain has submitted a total of 42 pages of briefs to the court, and in those pages has supplied the court with more than enough information to decide his habeas corpus petition. The information that McClain wants to add in another petition would not affect this court's decision on his petition, because the court can decide his petition as a matter of law based on information now before it.

Finally, McClain argues that granting his motion for reconsideration would not prejudice the government. However, the court notes that the government filed its response, with numerous exhibits, to McClain's amended habeas corpus petition 10 days before McClain filed his motion for reconsideration. Thus, the government would suffer some prejudice by having to respond again to a second amended petition.

For these reasons, the court denies McClain's motion for reconsideration.

### B. Petition for writ of habeas corpus

■ As a preliminary matter, the court notes that McClain titled his petition a petition for a writ of habeas corpus. The essence of McClain's petition is that he was illegally incarcerated in June 1995, when his parole was revoked for failure to pay the $35,000 fine. Thus, it appears that McClain's petition is one under 28 U.S.C. § 2241, for a writ of habeas corpus on the ground that McClain was being held in custody in violation of the Constitution.

However, McClain states that his petition is one pursuant to 28 U.S.C. § 2255. A motion under section 2255 is one to correct, set aside, or vacate a sentence, and must be made to the sentencing court. See 28 U.S.C. § 2255. This court is not the sentencing court, and therefore would not address a section 2255 motion. However, because the substance of McClain's petition indicates that it is not meant to be a section 2255 motion but rather is a habeas corpus petition under section 2241, the court will address it as such.[1]

1. When the original sentencing judge, Judge Rovner, was elevated to the Seventh Circuit, Judge Holderman was assigned the case. Therefore, if McClain had filed a true Section 2255 motion, the motion would be before Judge Holderman. However, when McClain filed his present habeas corpus petition, the Clerk's office for the Northern District of Illinois correctly classi-

## 1. Whether McClain's petition is moot

 The government argues that McClain's petition should be dismissed as moot, since McClain is no longer incarcerated and therefore is no longer in custody in violation of the Constitution. This argument has no merit. A habeas petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968)). McClain was still incarcerated for his parole violation at the time he filed his petition and amended petition, and therefore is considered to be "in custody" for purposes of his habeas petition.

## 2. Whether McClain's parole was revoked for failure to satisfy an inapplicable order of restitution

Many of McClain's arguments spring from his misunderstanding of what the sentencing court did when it first imposed restitution of $35,000, but then changed it to a fine of $35,000. The jury that convicted McClain apparently found that McClain had accepted $35,000 in bribes; therefore, Judge Rovner initially ordered $35,000 in restitution as part of McClain's sentence. (*See* Pet.'s Reply to Govt.'s Resp. to Pet.'s Am.Pet. for Writ of Habeas Corpus at 2–3.) However, Judge Rovner then realized that she could not order restitution, because the money paid to McClain had belonged to the government. (*See id.*) Thus, Judge Rovner corrected the sentence to order a fine rather than restitution. (*See id.* at 3.)

In the subsequent proceedings involving the Parole Commission and Probation Office, Judge Rovner's fine was referred to as an order of restitution, apparently because the parole and probation entities did not realize that Judge Rovner had corrected the sentence on February 26, 1992. (*See, e.g.*, United States' Resp. in Opp. to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 (hereinafter referred to as "Govt.'s Resp. to Pet.'s Am. Pet. for Writ of Habeas Corpus") Ex. Letter to Parole Board at 2; *id.* Ex. Summons re: Hearing at 2; *id.* Ex. Parole Commission 5/3/95 Letter.)

However, the Parole Commission realized its error, and in its May 3, 1995, letter finding probable cause to believe that McClain had violated his parole, corrected its letter to reflect that McClain was accused of failing to pay the court-imposed fine, rather than the court-ordered restitution. (*See id.* Ex. Parole Commission 5/3/95 Letter.) Thereafter, the Parole Commission referred to McClain's parole violation as the failure to pay the court-imposed fine. (*See id.* Ex. 6/13/95 Special Report at 2.)

McClain contends that his parole was revoked for failure to pay inapplicable court-ordered restitution, and therefore that the Parole Commission "failed to follow pertinent Constitutional, statutory and regulatory provisions....; ... ruled contrary to the [sentencing] court....; [and] [r]elied on [an] inapplicable order from [the] original sentencing to present while openly defying [the] relevant February 26, 1992, Minute Order." (Am.Pet. for Writ of Habeas Corpus at 10–11.)

It is clear from the documentation of the proceedings leading up to McClain's parole revocation and re-incarceration that the Parole Commission initially simply overlooked the February 26, 1992, correction of sentence. When the Parole Commission became aware that the restitution order was changed to a fine, it recognized that McClain had failed to pay a court-imposed fine, rather than court-ordered restitution. McClain's parole was revoked for failure to pay the court-ordered fine.

There was nothing illegal about revoking McClain's parole based on his failure to pay the fine. Based on the offenses of which McClain was convicted, Judge Rovner was permitted both to sentence McClain to a term of imprisonment and to impose a fine. *See* 18 U.S.C. §§ 1951(a), 1952(a)(1) and (3), 1962, and 1963 (each providing that a defendant convicted under the applicable statute shall be fined under Title 18 or imprisoned or

fied the petition as one pursuant to 28 U.S.C. § 2241, which can be assigned to any district court judge. McClain's petition was assigned to this court.

both); 18 U.S.C. § 3571 (setting forth fines that may be imposed under Title 18); and 26 U.S.C. § 7206 (providing that a defendant convicted under that statute shall be fined under that statute or imprisoned or both).

Furthermore, Judge Rovner was permitted to correct McClain's sentence to impose a fine rather than order restitution. *See* FED. R.CRIM.P. 35(c) ("The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error"). Within the time period allotted by Rule 35(c), Judge Rovner corrected her technical error of labeling the $35,000 restitution rather than a fine.

In addition, McClain's conditions of parole expressly required him to "make a diligent effort to satisfy any fine ... that ha[d] been ... imposed." (Govt.'s Resp. to Pet.'s Am. Pet. for Writ of Habeas Corpus Ex. Parole Certificate at 2 ¶ 13.) Consequently, McClain was required to make a diligent effort to pay the $35,000 fine that was legitimately and legally imposed by Judge Rovner. He failed to do so, and therefore violated the conditions of his parole.

### 3. Whether the fine subjected McClain to double jeopardy

McClain also argues extensively that his right against double jeopardy was violated by the imposition of the fine. His argument appears to have two facets: he was put in double jeopardy by being given a fine after first being ordered to pay restitution; and he was put in double jeopardy by being given a fine in 1992, long after beginning his sentence of incarceration. Again, McClain's contentions result from his misunderstanding of what occurred at his sentencing.

When McClain was originally sentenced in 1989, Judge Rovner ordered restitution of $35,000. When McClain was re-sentenced in 1992, Judge Rovner reiterated her order of restitution. However, after realizing that restitution may have not applied to McClain's case, Judge Rovner quickly corrected

McClain's sentence to reflect that the $35,000 was a fine and not restitution.

■ First, as discussed above, Judge Rovner was permitted to correct McClain's sentence to impose a fine rather than restitution. Thus, McClain was not subjected to double jeopardy by Judge Rovner's sentence correction. Second, also as discussed above, the criminal penalties set forth in the statutes that McClain violated provide for both imprisonment and imposition of a fine.[2] McClain received the sentence authorized by statute, and therefore was not subjected to double jeopardy by being fined as well as incarcerated.

### 4. Whether McClain's due process rights were violated by the manner in which his parole was revoked

McClain also contends that the government failed to give him adequate "Notice of Action or Warrant." (*See* Am.Pet. for Writ of Habeas Corpus at 13.) The court views this as a complaint that he did not receive due process in his parole revocation proceedings.

■ McClain argues that the notice of action and warrant were not in compliance with 18 U.S.C. § 4213, which states that "[a]ny summons or warrant issued pursuant to this section shall provide the parolee with written notice of: (1) the conditions of parole he is alleged to have violated ...; (2) his rights under this chapter; and (3) the possible action which may be taken by the Commission." 18 U.S.C. § 4213(c).

On May 1, 1995, the Parole Commission issued McClain a summons to appear and notified him that it would hold a parole revocation hearing on May 18, 1995. (*See* Govt.'s Resp. to Pet.'s Am.Pet. for Writ of Habeas Corpus Ex. Summons re: Hearing at 1.) The summons stated that evidence had been presented to the Parole Commission that McClain may have violated a condition of his release. (*See id.*) The summons set forth a summary of the charge against McClain; informed McClain that he may present evi-

---

**2.** In the cases cited by McClain in support of his double jeopardy argument, the defendants were convicted under statutes that authorized either imprisonment or imposition of a fine, but not both. Thus, those cases are not applicable to this case.

dence and witnesses at his preliminary interview or hearing, and may be represented by counsel, including an appointed one; and described the action that the Parole Commission might take if McClain was found to have violated the conditions of his release. (*See id.* at 2.)

Thus, as a matter of fact, McClain's argument is meritless, since McClain received adequate notice of the possible revocation of his parole pursuant to 18 U.S.C. § 4213.

### 5. Whether the government improperly attempted to collect a special assessment to which it was not due

McClain includes in his petition a section on the special assessment that the trial court imposed. He does not make an intelligible argument in that section, but very vaguely alleges that the government attempted to collect an excessive special assessment of $550 per count.

It appears that McClain misunderstands the special assessment. The sentencing court imposes a special assessment of $50 on each felony count of conviction. 18 U.S.C. § 3013. When McClain was initially sentenced, he had been convicted on 11 counts, resulting in a mandatory special assessment of $550—$50 per count of conviction. Thus, the $550 special assessment was not merely authorized but was statutorily mandated.

On remand from McClain's first appeal, the sentencing court lowered McClain's special assessment to $300 to reflect the fact that the Seventh Circuit had overturned McClain's conviction on five counts but affirmed his conviction on six counts.

Consequently, the government was justified in trying to collect the special assessment of $550 until five of McClain's convictions were overturned.

### 6. Whether the prosecutor's actions warrant habeas relief

McClain argues that the government engaged in misconduct and violated McClain's due process rights by attempting to cover up an obvious double jeopardy sentence; collecting inapplicable restitution; communicating to prison and parole authorities to further

punish McClain based on inapplicable restitution; failing to notify the Parole Commission of the sentencing court's directives; and failing to quash the inapplicable warrant.

The court has rejected McClain's arguments that his parole was revoked for his failure to pay inapplicable restitution and that he was subjected to double jeopardy by being fined as well as imprisoned, on which his prosecutorial misconduct argument is based. Consequently, the court finds that the government did not engage in misconduct as alleged by McClain and therefore did not violate McClain's due process rights.

### 7. Whether McClain's counsel were ineffective

McClain contends that his trial and appellate counsel were ineffective for failing to raise his double jeopardy argument. Because McClain was not subjected to double jeopardy, he had no valid double jeopardy argument. Consequently, his counsel were not ineffective for failing to raise the double jeopardy issue.

### 8. Whether the cumulative effects of the violations of McClain's constitutional rights warrant habeas corpus relief

Finally, McClain argues that the cumulative effects of the constitutional violations set forth in all of his arguments warrant habeas corpus relief. Because the court has found that McClain's constitutional rights were not violated by his parole revocation, the court finds this argument without merit.

### III. CONCLUSION

For the foregoing reasons, the court denies McClain's amended petition for a writ of habeas corpus and motion for reconsideration of the court's January 26, 1996, order.