NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2007
Decided May 2, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-1951

DAVID L. WOODS,
    *Petitioner-Appellant*,

    *v.*

ED BUSS, Superintendent,
    *Respondent-Appellee*.

Appeal from the United States
District Court for the
Southern District of Indiana,
Indianapolis Division.

No. 07 C 411

**Larry J. McKinney**, *Chief Judge*.

**O R D E R**

Pending before the court is David Woods' request for a Certificate of Appealability, motion for Appointment of Counsel and motion for a Stay of Execution. For the reasons set forth below, we grant his motion for Appointment of Counsel. We deny Woods request for a Certificate of Appealability and his motion for a Stay of Execution.

**I. HISTORY**

On April 7, 1984, David Woods stabbed to death a 77 year-old man in order to steal $130 in cash and a television that Woods later resold for $20. *Woods v. McBride*, 430 F.3d 813, 815-16 (7th Cir. 2005). Woods was convicted of murder and

robbery and was sentenced to death. *Id.* at 816. His case proceeded through direct and post-conviction review in the Indiana state courts. *Id.* (citing *Woods v. State*, 547 N.E.2d 772 (Ind. 1989); *Woods v. State*, 557 N.E.2d 1325 (Ind. 1990), *cert denied* 501 U.S. 1259 (1991) (affirming his conviction and sentence on direct review); *Woods v. State*, 701 N.E. 1208 (Ind. 1998), *cert. denied* 528 U.S. 861 (1999) (affirming denial of post-conviction relief)). The case arrived at federal court in April 1999 for habeas review pursuant to 28 U.S.C. § 2254. *Id.* The district court denied habeas relief, we affirmed that decision, we denied Woods' petition for rehearing and rehearing *en banc*, and the Supreme Court denied his petition for a Writ of *Certiorari. Woods v. McBride*, 430 F.3d 813 (7th Cir. 2005), *cert. denied*, 127 S. Ct. 391 (2006).

Woods then brought a successive petition for post-conviction relief in the Indiana state courts. *Woods v. State*, 863 N.E.2d 301 (Ind. 2007). He argued that he could not be executed because he is mentally retarded (and he also argued about a dispute with his attorney but this second issue about his attorney is not relevant because Woods only argues the mental retardation issue before us). *Id.* at 302. The Indiana Supreme Court rejected Woods' claims in its March 26, 2007 decision. *Id.* at 308.

On April 2, 2007, Woods returned to the federal court seeking to stop his execution. The district court dismissed Woods' petition for want of jurisdiction on April 20, 2007 pursuant to 28 U.S.C. § 2244(b)(3)(A) because Woods had not received authorization from the court of appeals to file a second and successive petition. Woods filed his notice of appeal on April 25, 2007 and the district court denied his motion for a certificate of appealability on April 27, 2007. Woods filed his present motion before this court on April 30, 2007. Woods is scheduled to be executed on May 4, 2007 at 12:01 A.M.

## II. ANALYSIS

### A. *Appointment of Counsel*

Circuit Rule 22(a)(3) states that "appellate counsel shall be appointed for any person under a sentence of death who is financially unable to obtain representation, requests that counsel be appointed, and does not already have counsel appointed by the state." Woods counsel from the district court requests to be appointed as his appellate counsel and they represent that Woods is indigent. We have granted the request for appointment of counsel by separate order.

### B. *Certification of Appealability*

Woods seeks a certificate of appealability on the issue of "whether Woods' petition must be dismissed as a 'successive Petition.'" Apr. 30, 2007 Motion before

the Seventh Circuit at pg. 3. Woods is attacking his sentence of death by arguing that he cannot be executed because he is mentally retarded. This issue has been fully litigated by the Indiana State courts in *Woods v. State.* 863 N.E.2d 301 (Ind. 2007). Therefore, Woods seeks habeas relief and so our analysis is controlled by the AEDPA. *See Hill v. McDonough,* 126 S. Ct. 2096, 2101 (2006) (explaining the difference between habeas relief governed by the AEDPA and § 1983 relief).

Woods' previous habeas petition did not raise the issue of whether he can be executed due to mental retardation. The district court properly determined that Woods seeks to bring a "second or successive" petition raising the mental retardation issue, this second petition was governed by the requirements of 28 U.S.C. § 2244(b), and therefore Woods' petition was dismissed by the district court for want of jurisdiction because he had failed to obtain prior approval from the court of appeals to bring a "second or successive" petition. *See Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). The dismissal of Woods' petition for want of jurisdiction is a final order and therefore we must consider Woods' present request for a certificate of appealability. *See United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007).

To obtain a certificate of appealability, the application must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Watson v. Hulick*, 481 F.3d 537, 543 (7th Cir. 2007). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002).

We conclude that we must deny Woods' request for a certificate of appealability on both procedural and substantive grounds. Woods' habeas petition is limited by the one-year statute of limitations contained in 28 U.S.C. § 2244(d). The controlling provision for statute of limitations purposes for Woods is 28 U.S.C. § 2244(d)(1)(C), which holds that he has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review. The right of mentally retarded defendants to be free from execution was made retroactively applicable to cases on collateral review by the Supreme Court in *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989), although the underlying right was not recognized until the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002). *See Davis v. Norris*, 423 F.3d 868, 879 (8th Cir. 2005). Thus, the controlling date for statute of limitations purposes was the date of the Supreme Court's *Atkins* decision, June 20, 2002. Woods would not bring his mental retardation habeas claim until almost five years later. Regardless of what small amount of tolling occurred for the time that Woods' mental retardation claim was before the state court, *see* 28 U.S.C. § 2244(d)(2), (and the pending of his

original habeas petition in federal court does not toll the one year clock, *Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006) (citing *Duncun v. Walker*, 533 U.S. 167, 180 (2001)), Woods clearly has not brought his petition within the one year limitations period required under the statute.

It is true that Woods' original habeas petition was filed in federal court in 1999 and was pending before the district court in 2002. However, this is not a situation of a petitioner facing an untenable choice of either adding an unexhausted claim to his already state exhausted claims in his original habeas petition or running into the statute of limitations. *See Dolis*, 454 F.3d at 723-25. Instead, as the state notes in its response to Woods' pending motion, "one of [Woods] arguments in his first habeas petition ... was that his trial counsel incorrectly suggested to the jury that Woods may be mentally retarded." Buss Resp. of May 1, 2007 at pg. 3. Thus, it is fair to conclude that Woods did not add the mental retardation issue to his first habeas petition because he made a strategic choice.

Furthermore, as a substantive matter, Woods has failed to make a prima facie showing that he is mentally retarded and therefore the rule from *Atkins* is not applicable to his case. *See In re Mathis*, – F.3d –, No. 06-20806, 2007 WL 958637, at *2 (5th Cir. Apr. 2, 2007); *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003); *see also Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997) ("By 'prima facie showing' we understand ... simply a sufficient showing of possible merit to warrant a fuller exploration by the district court."). As the Indiana Supreme Court determined:

> Woods has been the subject of a substantial amount of examination and testing; the record already contains documentation about his mental status. ... Despite considerable resources already having been spent to investigate Woods' mental status, Woods is not identified as mentally retarded in any of these sources or by his own experts. ... Having reviewed the documentation cited by the parties, we conclude the record does not contain a reasonable possibility that Woods's intellectual functioning puts him in a class of persons who are considered mentally retarded.

*Woods v. State*, 863 N.E.2d 301, 304-05 (Ind. 2007). The Indiana Supreme Court went onto explain that although IQ tests are not definitive on the issue, Woods has continually tested in the 70s, 80s, or 90s on IQ tests during his lifetime. *Id.* 305-06. Woods has provided us no reason to refute the conclusion of the Indiana Supreme Court.

Finally, Woods notes that the Supreme Court issued an order seeking additional briefing on *Panetti v. Quaterman*, on the issue of whether the case should be dismissed as a second or successive habeas petition. – S. Ct. –, No. 06-6407,

2007 WL 957524 (Apr. 2, 2007).  We do not see how any resolution in *Panetti* can alter the outcome in this case.

### C. *Request for Stay*

"A stay of execution pending the resolution of a second or successive petition for habeas corpus should be granted only when there are 'substantial grounds upon which relief might be granted." *Garza v. Lappin*, 253 F.3d 918, 920-21 (7th Cir. 2001) (quoting *Delo v. Stokes*, 495 U.S. 320, 321 (1990)).  We see no reason to stay the execution and therefore deny Woods' motion.

We are mindful of the Supreme Court's instruction that "there is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 650 (2004).

## III.  CONCLUSION

Appellant Woods' April 30, 2007 request for a Certificate of Appealability is **DENIED.**  Appellant Woods' April 30, 2007 motion for a Stay of Execution is **DENIED.**