NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007
Decided May 3, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-2001

DAVID L. WOODS,
    *Intervener Plaintiff-Appellant,*

    *v.*

ED BUSS, Superintendent,
    *Defendant-Appellee.*

Appeal from the United States
District Court for the
Southern District of Indiana,
Indianapolis Division.

No. 06 C 1859

**Richard L. Young**, *Judge.*

## O R D E R

David Woods is scheduled to be executed by lethal injection on May 4, 2007 at 12:01 A.M. by the State of Indiana. He challenges Indiana's method of lethal injection. The district court denied Woods' motion for a preliminary injunction and denied him a stay of execution. We affirm the district court's decision denying Woods' motion for preliminary injunction. We deny his request for a stay of execution.

## I. HISTORY

On April 7, 1984, David Woods stabbed to death a 77 year-old man in order to steal $130 in cash and a television that Woods later resold for $20. *Woods v. McBride*, 430 F.3d 813, 815-16 (7th Cir. 2005). Woods was convicted of murder and

robbery and was sentenced to death. *Id.* at 816. His case proceeded through direct and post-conviction review in the Indiana state courts and habeas review through the federal courts. *Woods v. McBride*, 430 F.3d 813 (7th Cir. 2005), *cert. denied*, 127 S. Ct. 391 (2006). Yesterday, we denied Woods' request for a Certificate of Appealability for a second habeas petition and refused his request for a Stay of Execution. *Woods v. Buss*, 07-1951 (7th Cir. May 2, 2007).

On March 5, 2007, Woods sought leave to intervene in a preexisting lawsuit challenging Indiana's lethal injection method. *Timberlake v. Buss*, 06-CV-1859 (S.D. Ind). Woods was granted leave to intervene on April 10, 2007, filed a statement of claims on April 17, 2007 and filed a motion for a preliminary injunction and stay of execution on April 18, 2007. On May 1, 2007, the district court denied Woods' motion for preliminary injunction and request for a stay of execution.

## II. ANALYSIS

"We review the denial of a preliminary injunction for an abuse of discretion." *Autotech Tech. Ltd. Partnership v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006) (citing *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005)). In reviewing the district court's decision, "we examine legal conclusions de novo [and] finding of facts for clear error." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619-20 (7th Cir. 2004). "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted. *FoodComm Intern v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)).

The district court rejected Woods' claims on two grounds. First, it held that Woods had failed to demonstrate that Indiana's lethal injection method violates the Eighth Amendment prohibition on cruel and unusual punishment. Second, the district court held that the last minute nature of Woods' claims strongly counseled against granting him relief.

The Supreme Court has recognized that the prisoner may challenge the means of his execution pursuant to 42 U.S.C. § 1983 to determine whether the method complies with constitutional requirements. *Nelson v. Campbell*, 541 U.S. 637, 644 (2004). "The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (quotations and citations omitted). To succeed on an Eighth Amendment claim, the plaintiff must demonstrate both that there is an objectively

serious deprivation and the deprivation was done with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In its May 1, 2007 decision, the district court determined that the individuals responsible for Woods' execution are sufficiently trained and experienced and are governed by appropriate procedures to insure that there is not a "significant" or "unnecessary risk that Woods will suffer unnecessary pain during the execution process." Dist. Ct. May 1, 2007 Op. at pg. 3. The district court also concluded that "Woods' allegations concerning deficiencies in the execution protocol are simply off base." *Id.* at pg. 9. Finally, the district court determined that Woods could not demonstrate either a deprivation of his constitutional right to be free from "unnecessary and wanton infliction of pain," nor deliberate indifference by the defendants. *Id.* at pgs. 9-10.

We hold that the district court did not abuse its discretion in deciding that the execution of Woods pursuant to Indiana's lethal injection method does not violate Woods' constitutional rights. The district court properly considered the applicable law governing the Eighth Amendment and properly applied it to Indiana's lethal injection method. We adopt the reasoning of the district court's decision of May 1, 2007 as our own.

We are also particularly mindful of the fact that Woods is pursuing this additional "eleventh hour" attempt to delay his execution. "A court may consider the last-minute nature of an application to stay execution in deciding whether to grant relief. ... [T]here is a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 649 (2004).

## III. CONCLUSION

The district court's decision denying Woods' motion for preliminary injunction is **AFFIRMED**. Woods' application for a Stay of Execution is **DENIED**.