In the

# United States Court of Appeals
## For the Seventh Circuit

————————

No. 12-3762

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUAN PRADO,

*Defendant-Appellant.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 550 — **Samuel Der-Yeghiayan**, *Judge.*

————————

ARGUED OCTOBER 4, 2013 — DECIDED FEBRUARY 18, 2014

————————

Before EASTERBROOK, ROVNER, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Defendant Juan Prado was a police officer employed by the Chicago Police Department. While on duty, Prado funneled towing business to certain tow truck companies in exchange for bribes. Prado was eventually arrested and indicted on three counts of attempt-

ing to commit extortion. He pled guilty to one count. At sentencing, Prado asked the court to consider the sentence of another former Chicago police officer, Officer James Wodnicki, whom Prado believed was similarly situated to him. The district court refused to consider Prado's argument because it believed it could only consider sentencing disparities if they were presented on a nationwide basis. The court prevented Prado and the prosecutor (who prosecuted both Wodnicki and Prado) from introducing information related to Wodnicki's sentence.

The issue here is whether the district court erred by not understanding that it had discretion to consider Prado's argument and whether Prado was harmed by that error. We conclude that the district court committed a procedural error and its error was not harmless. The district court erred because it did not realize that it had the discretion to deviate from the United States Sentencing Guidelines and could consider others' individual sentences when deciding what sentence to impose on Prado. Moreover, based on the record before us, it is impossible to determine whether Prado would have received the same sentence absent the error. Therefore, we reverse the district court and remand the matter for resentencing.

## I. BACKGROUND

Juan Prado was a Chicago police officer in the 14th District of the Chicago Police Department ("CPD"). In 2003, the FBI began "Operation Tow Scam," an investigation into the extortion by, and bribery of, CPD officers in connection with tow truck companies and their drivers. Prado was charged with three counts of attempting to commit extortion, in violation of 18 U.S.C. § 1951. Prado pled guilty to one count,

admitting that during the course of his employment he received bribe payments from tow truck operators in exchange for funneling them business. Prado also admitted that on approximately 10 occasions, between May and October 2006, he requested and received bribe payments totaling $3,790. All told, it is estimated that Prado received $10,015 in bribe payments.

In anticipation of sentencing, the probation office prepared a Presentence Investigation Report ("PSR"), which outlined applicable sentencing guidelines. The PSR also contained a list of nine other related cases, including that of CPD officer James Wodnicki. However, the report did not contain any more information about the related cases. With a base offense level of 21 and a criminal history category of I, Prado's Guideline range was 37 to 46 months. Prado accepted the PSR's Guideline calculation, but argued that a number of factors, including his upbringing, work history, charitable work, injuries sustained on duty, the nature of the offense, and his acceptance of responsibility were mitigating circumstances warranting a reduced sentence under 18 U.S.C. § 3553(a).

At the sentencing hearing on November 29, 2012, Prado sought probation. The government sought a term of imprisonment within the Guideline range. During his presentation, Prado referred to Wodnicki's case. He argued that the court should impose a sentence that would avoid an unwarranted sentence disparity between himself and Wodnicki, whom he believed was similarly situated. Wodnicki allegedly received $30,000 in bribe payments from tow truck companies and drivers. Prado pointed out that a different district court judge in the same district sentenced Wodnicki to 24 months'

imprisonment, despite the fact that his Guideline range was 46 to 57 months. Given the similarity between Prado's and Wodnicki's offense conduct, Prado asked the court to consider Wodnicki's case when imposing sentence on him. When Prado asked the court to consider Wodnicki's sentence, he was unable to present the sentencing memorandum in Wodnicki's case. He said that he was unable to find it. His inability to find the sentencing memorandum prevented him from introducing the mitigating or aggravating factors in Wodnicki's case.

The district court refused to consider Wodnicki's sentence. The court said, "the Seventh Circuit has stated that any argument relating to unwarranted sentence disparities has to be presented on a national basis." The court then stated that it sentenced each individual on the record before it and based on the factors presented in the case. The prosecutor in Prado's case, who was also the prosecutor in Wodnicki's case, offered to discuss Wodnicki's case with the court, but the court prevented the prosecutor from providing information regarding Wodnicki's circumstances. Because Prado had not presented evidence of a potential nationwide disparity, the court did not allow Prado to present further information or argument on the issue. Ultimately, the court determined that Wodnicki's sentence had no bearing on Prado's case.

Before imposing its sentence, the district court explained its reasoning for imposing a sentence within the Guidelines and its consideration of the § 3553(a) factors. In addition, the court reiterated that Prado had not provided any national information related to unwarranted disparities. The court

sentenced Prado to a within-Guidelines term of 42 months' imprisonment. Prado now appeals.

## II. ANALYSIS

Prado contends that the district court erred because it did not understand that it had discretion to consider Wodnicki's case in determining Prado's sentence and that this misunderstanding constituted procedural error. Appellant's Br. at 12. He challenges the district court's assertion that it was only permitted to address an argument related to unwarranted sentence disparities if the information was presented on a national basis.

In order to determine whether Prado's sentence will be upheld, we evaluate the issue in two stages. First, we examine whether the district court committed a procedural error because it did not realize that it had the discretion to deviate from the Sentencing Guidelines and consider individual sentences. *United States v. Hill*, 645 F.3d 900, 905 (7th Cir. 2011). Second, if the court erred, we analyze whether the error was harmless. *United States v. Bennett*, 708 F.3d 879, 887 (7th Cir. 2013). We review a district court's procedural compliance with 18 U.S.C. § 3553(a) under de novo review. *United States v. Grigsby*, 692 F.3d 778, 791 (7th Cir. 2012).

### A. The district court erred because it was unaware that it had discretion to consider disparities among similarly situated defendants.

At sentencing, Prado argued that when the district court sentenced him, it should also consider the sentence given to another officer whom Prado believed was similarly situated. The district court rejected this argument because it believed that it could only consider sentence disparities if they were

presented on a national basis. At the time, Prado did not challenge the district court's interpretation of Seventh Circuit precedent and alert the court that it had discretion to consider disparities among defendants. It is only on appeal that Prado argues that the court erred because it was unaware of its discretion to consider unwarranted disparities. Although Prado only raises this argument for the first time on appeal, the government does not argue that he forfeited that argument.

At first glance, it would appear that Prado's argument is forfeited and that we cannot address the matter. However, because the government does not argue that Prado forfeited this particular argument, we may still reach the merits of his case under the "waived waiver" doctrine. *See, e.g., United States v. Angle*, 234 F.3d 326, 336 n.11 (7th Cir. 2000) (stating that although the defendant first raised the argument on appeal, the court would address the merits of appellant's challenge because the government waived its waiver defense by not asserting it in its brief or at oral argument). Ultimately, Prado's forfeiture is absolved by the government's failure to recognize the forfeiture and by responding to Prado's argument. *See United States v. Tichenor*, 683 F.3d 358, 363 (7th Cir. 2012) (applying the waived waiver doctrine to forfeited claims).

The government concedes, and we agree, that the district court committed a procedural error at sentencing. In order to properly sentence a defendant, a district court needs to consider factors enumerated in § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). One of the factors that the district court may consider is the need to avoid unwarranted disparities between similarly situated defendants. 18 U.S.C.

§ 3553(a)(6). While a district court does not have to "comprehensively discuss each of the [§ 3553(a)] factors," *United States v. Villegas–Miranda*, 579 F.3d 798, 801 (7th Cir. 2009), it commits procedural error if it does not give "meaningful consideration" to the relevant factors in a defendant's case, *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010). With regard to sentencing disparities, if a district court imposes a within-Guideline range sentence, the court implicitly incorporates the United States Sentencing Commission's concerns regarding avoiding unwarranted disparities among similarly situated defendants. *See Gall*, 552 U.S. at 54.

However, a district court has the discretion to go beyond the Sentencing Commission's generalized considerations. *See United States v. Bartlett*, 567 F.3d 901, 909 (7th Cir. 2009). A district court may commit a second type of procedural error if it is unaware of this additional discretion. *See id*. In *United States v. Booker*, the Supreme Court rendered the Guidelines scheme advisory. 543 U.S. 220 (2005). The Court held in *Kimbrough v. United States*, 552 U.S. 85 (2007), and reiterated in *Spears v. United States*, 555 U.S. 261 (2009), that a judge has the discretion to depart from the Sentencing Guidelines. More importantly, the Court held that a district court has considerable power to adopt its own framework in order to meet the ends of justice. *See Spears*, 555 U.S. at 265-66. We have explained that, "§ 3553 permits a judge to reduce one defendant's sentence because of another's lenient sentence – *not because* of § 3553(a)(6), but *despite* it." *Bartlett*, 567 F.3d at 908 (emphasis in original). And we stated in *Bartlett* that, "if the district judge thought himself forbidden to take account of [other defendants'] (relatively) low sentences when deciding what punishment to impose on [the defendant], he was mistaken." *Id*. at 909.

We find that the district court committed the second type of procedural error. The district court's statements at the sentencing hearing indicate that the court thought it lacked the discretion to consider disparities among defendants as a matter of law. The district court stated that, "the Seventh Circuit has stated that any argument relating to unwarranted sentence disparities has to be presented on a national basis." In this case, the district court was unaware of its discretionary power and it refused to consider Prado's proffered argument regarding disparities between defendants convicted under the Operation Tow Scam sting operation because it did not know it could do so. This amounts to a procedural error. However, this is not the end of our analysis. A significant procedural error committed by a district court at sentencing can be harmless. *Bennett*, 708 F.3d at 887.

### B. The district court's error was not harmless.

Normally, we would apply the plain error standard of review. *See United States v. Burge*, 683 F.3d 829, 833 (7th Cir. 2012). However, where the government fails to assert that an argument was forfeited and fails to identify the standard of review appropriate for such a forfeiture, the issue is treated as if the objection were raised below and the standard of review appropriate to such an issue controls. *See, e.g., United States v. Paredes*, 87 F.3d 921, 924 (7th Cir. 1996) ("[B]ecause the government failed to assert that Paredes forfeited her objection to the alleged error, the government has waived Paredes's forfeiture, and we will review the alleged error as if she had made a proper objection."); *United States v. Leichtnam*, 948 F.2d 370, 375 (7th Cir. 1991) (noting that issues not raised in the district court normally would be limited to plain error review, but that the government's failure on ap-

peal to argue that the defendant waived his argument allowed the court to "confront the defendant's argument on the merits and without the screen of the plain error standard"). Because the government failed to argue forfeiture or the standard of review appropriate to forfeiture, we apply the harmless error standard as if no forfeiture in fact occurred. In order to show that a procedural error is harmless, "the government must be able to show that the … error did not affect the district court's selection of the sentence imposed." *Id*. (quoting *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009)). We will deem an error harmless if we are convinced that the sentence would have been the same absent the error. *United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

After careful review, we cannot say that the district court's error was harmless. The government argues that the district court committed harmless error because the court rejected, on independent grounds, Prado's argument that the court should take into account another defendant's sentence when deciding what sentence to impose on Prado. Namely, the government argues that the court rejected Prado's argument because he failed to present sufficient evidence to support his claim that a Guideline sentence in this case would cause an unwarranted disparity. We do not agree with the government's argument.

After a district court calculates the Guidelines range, it must give both parties an opportunity to argue for whatever sentence they deem appropriate. *Gall*, 552 U.S. at 49; *United States v. Padilla*, 520 F.3d 766, 775 (7th Cir. 2008). A review of the record shows that the reason Prado failed to present a sufficient argument that supported his position was because

the district court prevented him or the prosecution from discussing whether Prado could be meaningfully compared with Wodnicki. The prosecutor in this case would have been in a position to enlighten the court given that he was the same prosecutor that prosecuted Wodnicki. Yet, the court prevented the prosecutor from commenting on the similarities and differences between the two cases because it erroneously believed that it could only consider such evidence if the potential disparity was presented on a national basis. Because of its incorrect interpretation of the law, the court hindered its own ability to make a meaningful comparison. Had Prado or the government been allowed to introduce more information at the sentencing hearing, the district court could have determined whether the two defendants were indeed similarly situated and whether a comparison was warranted. Because of the district court's actions, the record does not indicate what information the prosecutor would have presented that may have been useful to the district court.

Moreover, there is nothing in the record to indicate that had Prado been given the opportunity to present additional information the court would have given him the same sentence. Given the record before the court, it is impossible to determine whether Prado would have received the same sentence. Therefore, the error was not harmless and this case is remanded for resentencing.

### III. CONCLUSION

We VACATE the judgment of the district court and REMAND for resentencing.