NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2014[*]
Decided April 14, 2014

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2006

| | |
|---|---|
| CALVIN L. MERRITTE, *Plaintiff–Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-cv-263-JPG-PMF |
| JAMES KESSEL, *et al.*, *Defendants–Appellees*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Calvin Merritte, an Illinois inmate, appeals the denial of his motion for a preliminary injunction seeking transfer to a new prison based on his concerns about his safety. The district judge denied the injunction, and Mr. Merritte brought this interlocutory appeal. 28 U.S.C. § 1292(a)(1). Because the district judge did not fully address Mr. Merritte's claims, we vacate and remand.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This appeal arises out of an action under 42 U.S.C. § 1983 that Mr. Merritte brought against five corrections officers at Lawrence Correctional Center who, he says, retaliated against him for grievances he had filed by searching his cell unannounced, insulting and verbally harassing him, and threatening unwarranted discipline. He alleged, for example, that Officers James Kessel and Andrew Gangloff tried to goad him into falsely reporting that he had been attacked by his cellmate—a ploy that would enable the officers to charge the cellmate with assault. According to his complaint, Mr. Merritte refused to be a "stool pigeon," the officers became hostile, and he later grieved their conduct, seeking a transfer or protective custody. Officer Kessel—who was popular among inmates because he allegedly allowed unscheduled phone calls, access to contraband, and other benefits—later was transferred, and Mr. Merritte alleged that some inmates blamed him for instigating the transfer through his grievances. Unidentified inmates then allegedly threatened and insulted Mr. Merritte, and other prison officers also verbally abused him. When his grievances did not end the abuse, Mr. Merritte also sued the warden, Marc Hodge, for ignoring his grievances.

At the same time that he filed his complaint, Mr. Merritte also moved for a temporary restraining order ("TRO") or preliminary injunction, asserting that the warden refused to transfer him or take any protective measures, despite knowing of the ongoing substantial risk of serious harm to him. Based on the threats, he alleged, he no longer attends dinner and suffers sleep deprivation, extreme emotional distress, and panic attacks.

The district judge screened Mr. Merritte's complaint under 28 U.S.C. § 1915A(a) and allowed him to proceed on his claims that (1) Kessel, Gangloff, and three other officers had threatened him in retaliation for filing grievances against them, (2) two officers referred to him as "stooly," thereby subjecting him to a risk of serious harm from other inmates, and (3) the warden refused to transfer him and denied his request for protective measures. The judge also found that Mr. Merritte sufficiently alleged grounds for a preliminary injunction and referred the motion to Magistrate Judge Frazier for an evidentiary hearing.

At the hearing, Mr. Merritte testified by video conference and explained that he feared harm from the officers and fellow inmates. He said that a fellow inmate had received a written note on his breakfast tray from a prison gang named "Folks Love," telling him that an attack on Mr. Merritte was being planned. After Officer Kessel's transfer, Mr. Merritte added, several (unidentified) inmates walked past his cell window and told him that "other inmates was [sic] trying to catch up with me. They

had received messages from other inmates in gangs to try to form an attack on me." (Tr. of Mots. Hr'g at 6.) Mr. Merritte acknowledged, though, that he had not yet been attacked.

The magistrate judge recommended that Mr. Merritte's motion be denied. In assessing the motion, the magistrate judge considered five factors: Mr. Merritte's likelihood of success on the merits of his claim, whether he faced irreparable harm without the injunction, whether he had an adequate remedy at law, the harm to the defendants of granting the injunction, and the public interest. *See Joelner v. Village of Wash. Park, Ill.*, 378 F.3d 613, 619 (7th Cir. 2004). The magistrate judge concluded that the factors weighed in the defendants' favor. Mr. Merritte could not show, for example, that he faced irreparable harm without the injunction: He was unable to provide specific details about any threats to his safety, he had no copy of the written threat, and the information he did have about the threats from inmates passing his cell was "highly speculative." (Report and Recommendation at 3.) Based on the "extremely sketchy" details of the threats, the magistrate judge concluded, Mr. Merritte could not show that he likely would succeed on the merits of his § 1983 claims. (Id. at 4.)

After Mr. Merritte filed objections to the report and recommendation, the district judge denied the motion, though in doing so rejected the magistrate judge's reasoning. The district judge focused on whether Mr. Merritte was likely to succeed on his failure-to-protect claim and concluded that he was not because he could not show a substantial risk of harm. The judge noted that Mr. Merritte had not, for instance, identified the inmates who threatened him or provided a copy of the threatening note. Nor had Mr. Merritte been attacked by any inmate. For the same reasons, the district judge concluded that Mr. Merritte also failed to show that he faced irreparable harm. Based on these findings, the district judge declined to address the other factors associated with a preliminary injunction—whether Mr. Merritte had an adequate remedy at law, the harms each party faced without the injunction, or the public's interest in a particular outcome.

On appeal Mr. Merritte generally argues that the district judge's factual findings and legal conclusions were incorrect. He cites affidavits from several other prisoners who asserted that officers threatened him to stop writing complaints, that he was known in the prison as a "rat" and "stool pigeon," and that he would be attacked if seen by gang members. He also says in his brief, echoing his objection to the magistrate judge's recommendation, that an inmate warned him that he was being targeted by members of the Latin Kings gang, based on their belief that he had falsely reported their

misconduct. Mr. Merritte contends that the judge abused his discretion when he ignored those affidavits and concluded that he had no evidence of facing a substantial risk of harm.[1]

For Mr. Merritte to obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, he needed to show to the district court that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The district judge, in denying the motion, gave Mr. Merritte's submissions a cramped reading. The judge did not address Mr. Merritte's claim that he feared serious harm from other inmates as a result of being labeled a stool pigeon by the officers. Branding an inmate a snitch can expose him to serious harm and may violate the Eighth Amendment. *See Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (citing cases). Mr. Merritte submitted affidavits from five different inmates who swore that Mr. Merritte was known as a "stool pigeon," "stooly," or "rat." In those affidavits, the inmates asserted that gang members inside Lawrence had orders to attack him on sight. The district court's analysis does not focus on these affidavits and says nothing about Mr. Merritte's concerns for his safety as a result of being tagged with these labels. We express no opinion about the merits of this claim, but Mr. Merritte is entitled to an evaluation of it by the district court in the first instance.

Finally we note that the district court apparently assumed that Mr. Merritte could not establish a likelihood of suffering harm because "[t]o date, plaintiff has made no allegations that he has been assaulted by any other inmate." (Mem. and Order at 6.) This assumption presumably relates to language in 42 U.S.C. § 1997e(e), which bars a

---

[1] We note that Mr. Merritte did not raise this argument in his objections to the magistrate judge's report and recommendation, which ordinarily would preclude our review. *See* 28 U.S.C. § 636(b)(1)(C); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007). But here the State has "waived waiver" by not arguing it. *See, e.g., United States v. Prado*, 743 F.3d 248, 251 (7th Cir. 2014); *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 537 n.6 (7th Cir. 1992) (citing cases).

prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." But physical injury is not a filing prerequisite for injunctive relief. *Thomas v. Illinois,* 697 F.3d 612, 614 (7th Cir. 2012); *Smith v. Peters,* 631 F.3d 418, 421 (7th Cir. 2011). It is well-established that injunctive relief is appropriate "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994); *see Doe v. Welborn*, 110 F.3d 520, 524 n.3 (7th Cir. 1997); *Thomas v. Bryant*, 614 F.3d 1288, 1318 (11th Cir. 2010); *Benefield*, 241 F.3d at 1272.

The judgment is **VACATED** and the case **REMANDED** for further proceedings consistent with this order.