**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020[*]
Decided January 7, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1151

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16CR00020-001 |
| RUBEN MANCILLAS, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

This is Ruben Mancillas's second appeal. In 2017, he was convicted of two counts of possessing ammunition as a felon in violation of 18 U.S.C. § 922(g)(1). After denying Mancillas's request to represent himself at his sentencing hearing, the district court sentenced him to 100 months' imprisonment. In his first appeal, he challenged only the sentence, not his convictions. We vacated that sentence and remanded for the district court to consider whether Mancillas, consistent with his Sixth Amendment right to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

self-representation, wished to proceed pro se at sentencing. *United States v. Mancillas*, 880 F.3d 297, 302, 304 (7th Cir. 2018). On remand, Mancillas decided that he wanted a lawyer after all. He was appointed new counsel, and the district court imposed the same sentence. He appealed again, and we granted his motion to represent himself. We now affirm.

Mancillas first challenges his convictions, contending that: (1) the two counts are multiplicitous in violation of the Double Jeopardy Clause; (2) the federal government lacked authority to prosecute him; and (3) the court did not properly instruct the jury on the elements of the offense. The first two contentions are waived because Mancillas failed to raise them—or any challenge to his convictions—in his previous appeal. *See United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014) ("[A]n issue that could have been raised on appeal but was not is waived and, therefore, not remanded."); *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014). But for the third, Mancillas relies on the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which was issued after his resentencing. And an intervening change in law may allow a court to consider issues that an appellant failed to raise in a previous appeal. *Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 407–08 (7th Cir. 2018); *Krieger v. United States*, 842 F.3d 490, 505 (7th Cir. 2016). We therefore consider Mancillas's challenge to the jury instructions, but because he did not object to them at trial, we review them only for plain error. *See United States v. Thomas*, 933 F.3d 685, 690 (7th Cir. 2019).

In *Rehaif*, the Supreme Court held that to obtain a conviction under § 922(g), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The jury instructions at Mancillas's trial did not include this element, so Mancillas can show that there was a "clear" or "obvious" error. *See Johnson v. United States*, 520 U.S. 461, 468 (1997) ("[I]t is enough that an error be 'plain' at the time of appellate consideration."). But he cannot show that this error affected his substantial rights, *see id.*, because the record reveals that the government easily could have proved that Mancillas knew that he had previously been convicted of offenses punishable by more than a year in prison. *See United States v. Reed*, 941 F.3d 1018, 1021–22 (11th Cir. 2019); *United States v. Benamor*, 937 F.3d 1182, 1188–89 (9th Cir. 2019).

At trial, Mancillas stipulated to his status as a felon to prevent the government from offering evidence of his nine prior felonies—a number that itself renders a lack of awareness all but impossible. He also did not object to the 18 criminal-history points he was assigned in his presentence investigation report, placing him in the highest

criminal-history category. Based on that history, which includes multi-year stints of incarceration, he could not have introduced reasonable doubt that he was aware that he had previously been convicted of a felony.

Mancillas next challenges his sentence by contending that 18 U.S.C. § 3553(a) is unconstitutional because Congress violated the separation of powers doctrine by telling district courts what they must consider when determining a sentence. Although Mancillas did not previously raise this argument, the government does not argue that he waived or forfeited it, so we consider it. *See United States v. Prado*, 743 F.3d 248, 251 (7th Cir. 2014). It is meritless. Congress has the constitutional power to limit the scope of a sentencing court's discretion. *Mistretta v. United States*, 488 U.S. 361, 364 (1989); *United States v. Meschino*, 643 F.3d 1025, 1030 (7th Cir. 2011). And the Supreme Court has upheld the constitutionality of the § 3553(a) factors. *United States v. Booker*, 543 U.S. 220, 259–60 (2005); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that a district court commits procedural error if it fails to consider § 3553(a) factors).

AFFIRMED