NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 16, 2022
Decided June 23, 2022

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

Nos. 21-1755 & 21-1756

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | Nos. 3:19-CR-147 & 3:20-CR-81 |
| AHMAD KANAN, <br> *Defendant-Appellant*. | William M. Conley, <br> *Judge*. |

## O R D E R

Ahmad Kanan was charged with wire fraud in 2019, was put on pretrial release, committed fraud again in 2020, pleaded guilty to both the 2019 and 2020 charges, and then was sentenced to three and a half years in prison. Kanan now challenges his sentence, contending the district court improperly predetermined his sentence and sentenced him based on a mistaken fact. But the district court did neither, so we affirm.

Kanan filed multiple fraudulent loan applications seeking CARES Act funds for his startup businesses during the pandemic in the spring of 2020. At the time, he was on pretrial release for other pending fraud charges in the Western District of Wisconsin from 2019. Upon learning of Kanan's fraudulent loan applications, the district court revoked his pretrial release. Detained again, Kanan now faced two indictments for wire fraud, and he pleaded guilty to both. Before sentencing, the government recommended 37–46 months' imprisonment, while Kanan argued for 14–21 months. The district court carefully calculated a Sentencing Guidelines range of 15–21 months but sentenced Kanan to 42 months' imprisonment on each of his two counts, to be served concurrently. Kanan appealed his sentences separately, and we consolidated the appeals. He makes two arguments.

First, Kanan thinks the district judge erred by predetermining his sentence. He points to the following passage of the sentencing transcript:

> COURT: But here, I don't know how you can look at the sentencing by Judge Sessions [in 2009]. He went well below the guideline range for that conduct and gave this defendant 37 months. He served that time, came out and committed serious fraud, was put on supervised release [sic] pending sentencing for that fraud and then committed another, as you've emphasized, separate set of fraud. I start at 37 months. How else do we send a message to this defendant that he's chosen a career of fraud, all the more aggravated by the fact that he's chosen it when he has the ability to do very well legally? I just – it's tone-deaf for you to ask for anything less than 37 months, but I understand you're asking for it.

Kanan's theory is that this amounted to a conclusive sentencing decision made before he was given the chance to allocute. Because Kanan did not make this argument to the district court, he must show plain error to succeed on appeal. See *United States v. Mansfield*, 21 F.4th 946, 955 (7th Cir. 2021).

Before imposing sentence, a district judge must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(4)(A)(ii); see *United States v. Luepke*, 495 F.3d 443, 450 (7th Cir. 2007) (finding plain error when a district judge failed to give a defendant that opportunity before deciding his sentence). At the same time, a district judge may communicate "preliminary thoughts about an appropriate sentence to counsel near the beginning of the hearing" to help the parties focus their sentencing arguments on the judge's concerns, so long as we can tell from the transcript that the

judge retained an open mind. *United States v. Dill*, 799 F.3d 821, 825 (7th Cir. 2015). We look to the record as a whole and can infer from the district judge's thorough consideration of the 18 U.S.C. § 3553(a) factors, relevant conduct, and any mitigating or aggravating circumstances that the judge's mind remained open. *Id.* at 826.

In this case, no error occurred. There's no reason to read the challenged statement as expressing anything but upfront transparency about how the district judge viewed the situation. It is clear from the full context of the transcript that the district judge kept an open mind. After making the challenged statement, the district judge asked in-depth questions of both parties and showed detailed knowledge of and engagement with the presentence filings. The judge also carefully considered the § 3553(a) sentencing factors, noting "those are the factors that I'm … governed by." The judge went through and engaged relevant mitigating factors, including Kanan's difficult upbringing, COVID-19's impact on his pretrial detention, and the impact of Kanan's imprisonment on his family. And the judge explained to Kanan that he had the chance to say "anything that [he] want[ed]" during his allocution. All of these circumstances convince us the district judge retained an open mind and did not predetermine Kanan's sentence before giving him a chance to allocute.

Second, Kanan contends the district judge relied on a mistaken fact in imposing his sentence. He points to the judge's incorrect statement that Kanan was on "supervised release" for the 2019 fraud offense when he committed the 2020 fraud offense. For example:

> COURT: To commit [the 2019] fraud, having committed three separate fraud schemes that put him in federal prison once before, desperate or not, there's no justification for what he did.
> …
> And then while on supervised release, he does it again? How do you equate that with a guideline range sentence?

And again later:

> COURT: You're asking for credit for behavior on supervised release when you committed [the 2020] case of fraud, a third felony offense of fraud, while you were on supervised release.

Pretrial release and supervised release are indeed two different things. Pretrial release pertains to the conditions of release from custody during the period between the filing

of charges and court adjudication. Supervised release, on the other hand, pertains to the conditions of release, imposed at sentencing, that kick in after a defendant's prison term. Kanan was on pretrial—not supervised—release for the 2019 fraud charge when he committed the 2020 fraud that led to his 42-month prison sentence. So, Kanan's reasoning goes, the district judge relied on an inaccurate fact when sentencing him. We review preserved inaccurate information claims—which allege procedural error—de novo. *United States v. Sanchez*, 989 F.3d 523, 543 (7th Cir. 2021). And although it's not clear to us that Kanan raised this objection below, the government agrees our review is de novo. Cf. *United States v. Prado*, 743 F.3d 248, 252 (7th Cir. 2014) (treating an objection as raised below when the government failed to argue forfeiture on appeal).

Criminal defendants have a due process right to be sentenced based on accurate information. *United States v. Issa*, 21 F.4th 504, 508 (7th Cir. 2021). To win resentencing, Kanan must show (1) the district court's references to supervised release were inaccurate information; and (2) the district court relied on that misinformation in passing the sentence. See *id.* But if a district judge merely misspeaks—rather than bases the sentence on inaccurate information—no deprivation of this right has occurred. See *United States v. Nowicki*, 870 F.2d 405, 408 (7th Cir. 1989).

Here, the district judge's references to supervised release do not reflect an inaccurate understanding of the facts. The judge simply misspoke. See *id.*; *United States v. Griffin*, 806 F.3d 890, 892 (7th Cir. 2015). The record as a whole assures us the district judge meant "pretrial release" each time it mentioned "supervised release." When imposing sentence at the end of the hearing, the district judge three times confirmed the judge knew the nature of the release for the 2019 fraud:

> COURT: Undeterred by [the 2019 fraud] indictment, arrest, and being held in custody for five days on that charge before being released on pretrial conditions that included location monitoring, the defendant proceeded to devise yet another outrageous fraudulent scheme to capitalize on the COVID-19 pandemic by applying for a small business loan under the CARES Act.
> …
> I am persuaded that a sentence of three-and-a-half years is reasonable and no greater than necessary to hold the defendant accountable and protect the community, as well as reflect the seriousness of his conduct under Section 4A1.3 for committing the offense while on pretrial supervision, and the need for incremental punishment for his continued fraudulent conduct.

> …
>
> [S]upervision will be crucial in this case, particularly given the defendant now having committed his second and third federal fraud convictions and committing one of those offenses while on pretrial release, underscoring the need for close supervision. Indeed, it seems supervision is the only thing that has deterred the defendant's continued criminal conduct.

These statements clearly show the judge (1) knows full well the difference between supervised and pretrial release and (2) knew that Kanan committed the 2020 fraud while on pretrial release for the 2019 fraud. So the totality of the transcript contextualizes the earlier statements and satisfies us that the district judge merely misspoke and nothing more.

And even if the district judge had misunderstood, not just misspoken, it corrected any such mistake via its written statement of reasons for the sentence. Later written corrections by district judges can assure us that the judge did not rely on inaccurate information at sentencing. See *United States v. Chavez*, 12 F.4th 716, 734 (7th Cir. 2021). So too here. After its misstatements at sentencing, the district court issued a Statement of Reasons, noting:

> … the outrageous, fraudulent schemes here, involving the stealing of scholarship funds from the Libyan Embassy and COVID-19 moneys, the latter of which occurred while defendant was on pretrial release pending resolution of the former.

Kanan argues this isn't sufficient because according to him any statement of reasons that fails to explicitly acknowledge the error isn't an effective means of correction. But we've never held that. What matters is that the district court corrects its oral misstatement, not that it penitently walks through its own misstatements. Kanan would have the district court add a written sentence to the Statement of Reasons explaining that it had wrongly said "supervised release" orally. But the Statement of Reasons did the work to correct any inaccuracies, and we do not require more.

AFFIRMED